JOSEPH G. BRALEY *vs.* JOHN L. BOOMER & another.

Bristol. Oct. 28, 1874. — Jan. 9, 1875. COLT & AMES, JJ., absent.

An attachment made more than four months before proceedings in bankruptcy under the U. S. St. of 1867, *c.* 176, may be dissolved pending such proceedings, by giving bond under the Gen. Sts. *c.* 123, § 104.

CONTRACT upon an account annexed. The case was heard in the Superior Court, before *Allen,* J., without a jury, upon the following agreed facts :

The action was commenced by a writ upon which there was an attachment of merchandise more than four months before the commencement of proceedings in the United States District Court by which the defendants were adjudged bankrupts, and the bankruptcy of the defendants was suggested at March term, 1874, of the Superior Court. The amount due the plaintiffs was agreed

upon at the following June term, at which term a bond, given under the General Statutes by the defendants, was approved by a master in chancery, and filed in the clerk's office, for the purpose of dissolving the attachment in the case, after the assignment of the defendants' property in bankruptcy.

"If said bond dissolves the attachment, or if the assignee in bankruptcy can dissolve the attachment by bond under the General Statutes, the action is to stand continued to await the decision of the question of the defendants' discharge under the bankruptcy proceedings; otherwise the plaintiff is to have judgment, to be satisfied out of the property attached in the suit only."

The Superior Court ordered judgment to be entered for the plaintiff, to be satisfied out of the property attached in the suit only; and the defendants appealed to this court.

*J. C. Blaisdell,* for the defendants.

*W. H. Peirce,* for the plaintiff.

DEVENS, J.    The bankrupt act, U. S. St. of 1867, *c.* 176, § 14, by virtue of which the assignment vests in the assignee all the property, real or personal, of the debtor, even if the same is attached on mesne process as such, and dissolves any such attachment made within four months next preceding the commencement of the proceedings, permits the attachment to continue where it has been made for that length of time, and the lien created by it will be enforced by any requisite proceedings which do not involve a judgment *in personam.    Bates* v. *Tappan,* 99 Mass. 376.    But while, in such case, the lien is permitted to continue, no greater validity is imparted to it than it originally possessed, and it remains subject to be dissolved in the manner provided by the laws of the state where it is made.

The provision of the Gen. Sts. *c.* 123, § 104, enables any person whose goods or estate are attached, to dissolve the attachment, at any time before final judgment, by giving bond in the manner prescribed, with condition to pay the plaintiff the amount which he may recover within thirty days after final judgment. This provision is not controlled in any manner by the bankrupt act, nor is an exception to be engrafted upon it because the defendant has been adjudged a bankrupt.    Even if the object of the debtor were to release his property so that it might pass to his assignee, the creditor has all the security which the attach-

ment was intended to afford, as it was always liable to be defeated by the debtor, upon giving a bond such as was filed in the present case.

If the debtor obtains his discharge as a bankrupt, and this is pleaded, as no final judgment can be rendered against him, the bond given will indeed be discharged by the determination of the contingency upon which it is made to depend. *Carpenter* v. *Turrell*, 100 Mass. 450. *Hamilton* v. *Bryant*, 114 Mass. But if the debtor fails to obtain his discharge, and final judgment is rendered against him, the bond will become operative if such judgment remains unpaid for thirty days.

*Judgment reversed ; case to stand continued.*