DOE *v.* CHILDRESS.

Under the fourteenth section of the Bankrupt Act—which enacts that the register shall convey to the assignee all the estate, real and personal, of the bankrupt, and that such assignment shall relate back to the commencement of the proceedings in bankruptcy, and thereupon by operation of law, that the title to all such property and estate . . . shall vest in the said assignee, although the same is then attached on mesne pro-

---

* *Supra,* p. 342.

cess as the property of the debtor, "and shall dissolve any such attachment *made within four months next preceding the commencement of said proceedings*"—an attachment which, under State laws, is a valid lien, laid *more* than four months previously to the proceedings in bankruptcy begun, is not dissolved by the transfer to the assignee in bankruptcy. And if such assignee do not intervene (which in any such case he may do), and have the attachment dissolved, or the cause transferred to the Federal court sitting in bankruptcy, but, on the contrary, allow the property to be sold under judgment in the proceedings in attachment, the purchaser, in a case free from fraud, will hold against him; that is to say, the assignee cannot attack collaterally such purchaser's title.

ERROR to the Circuit Court for the Middle District of Tennessee.

Doe, lessee of Vaillant, assignee of Montgomery, a bankrupt, brought ejectment against Childress to recover land in Tennessee.

The question was this:

When attachment proceedings are regularly commenced, a levy made, and the property is in the possession of the sheriff before the filing of petition in bankruptcy;—when there is no stay of proceedings or other measures in the bankrupt court to arrest the suit in the State court, there being no fraud, a sale is had under the judgment of the State court, a deed is given by the sheriff, and possession taken under it—can the title acquired under such sale be attacked by the assignee collaterally in a suit at law?

In other words, can the assignee allege that under these circumstances the State court had no jurisdiction to proceed in the action after an adjudication in bankruptcy, and that no title passed to the purchaser under the judgment of the State court?

The defendant's title rested upon a purchase under two decrees in the Court of Chancery of the State of Tennessee. Proceedings in the suit were commenced by attachment on the 15th and 27th days of April, 1867. Decrees in them were obtained in April and June, 1868, and on the 17th of September, 1868, sales were made under the decrees. The purchaser then entered into possession, and the defendant under him now claimed title and possession by virtue of that pur-

Opinion of the court.

chase. By the laws of Tennessee the levy of an attachment gives a specific lien in the property described in them.*

Montgomery had filed his petition to be declared a bankrupt on the 18th of February, 1868. This was ten months after the attachment proceedings had been commenced, and four months before the decrees were obtained in those suits, and seven months before the sale took place under those decrees.

He was adjudged a bankrupt on the 27th of February, 1868.. This again was about seven months before the sale under State decrees took place, and ten months after the actual commencement of the attachment proceedings in the State court.

The fourteenth section of the Bankrupt Act enacts that the register shall convey to the assignee all the estate, real and personal, of the bankrupt. The section thus proceeds:

"And such assignment shall relate back to the commencement of the proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate shall vest in said assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made *within four months* next preceding the commencement of said proceedings."

The court below held that the attachment was not dissolved, and gave judgment for the defendant. Thereupon the plaintiff brought the case here.

*Mr. Henry Cooper, for the plaintiff in error. No opposing counsel.*

Mr. Justice HUNT delivered the opinion of the court.

The Tennessee Court of Chancery having jurisdiction of the subject of the proceeding in the attachment suits, no defence being interposed by the assignee, in the State court, and no measures having been taken to arrest their proceedings or to transfer them to the bankrupt court (if power to

---

* See section 3507, Statutes of Tennessee, 1871, and notes of numerous cases; 2 Thompson & Steger's Statutes, 1463–4.

take such steps existed), and there being no fraud proven or alleged, we are of the opinion that a good title was obtained under the decree of sale made in the State court.

Under the fourteenth section of the Bankrupt Act the title *pendente lite* is transferred by operation of law from the bankrupt to the assignee in bankruptcy. The conveyance of the register operates as would, under ordinary circumstances, the deed of a person having the title, with two differences—first, it relates back to the commencement of the bankruptcy proceeding; secondly, the register's conveyance dissolves any attachment that has been made within four months previous to the commencement of bankrupt proceedings. Neither of these differences are material in the present case. The attachments here had been made and levied more than four months previous to the commencement of the bankrupt proceedings on the 18th day of February, 1868, to wit, in the month of April, 1867, and no change had taken place in the estate between the filing the petition in bankruptcy and the conveyance by the register.

The transfer of his real estate by a debtor against whom an attachment has been issued, and before judgment or decree, whether by his own act, or by operation of law, cannot impair or invalidate the title of a purchaser under such decree or judgment. It is evident that unless this is so an attachment suit could never be invoked for the collection of a debt. The debtor need only wait until judgment is about to be entered, then make a conveyance of the property attached, and the virtue of the proceeding is at an end. The authorities so declare. A reference to some of the authorities in Tennessee will be sufficient.

The statute of that State provides as follows:

"Any transfer, sale, or assignment made after the filing of an attachment bill in chancery, or after the suing out of an attachment at law of property mentioned in the bill of attachment as against the plaintiff, shall be inoperative and void."*

---

* Section 3507, 2 Statutes, Thompson & Steger; see Snell *v.* Allen, 1 Swan, 208, 211; Green *v.* Shaver, 3 Humphrey, 139, 141; Perkins *v.* Norvell, 6 Id. 151; Boggess *v.* Gamble, 3 Coldwell, 148, 154.

The object of this statute (says the court) was to prevent the debtor from evading the attachment after the bill had been filed, and before the levy, by sale or transfer of his estate.\* See Drake on Attachments,† that this is the general rule of law.

The Bankrupt Act is based upon this theory. Thus the enactment that the register's conveyance shall work a dissolution of an attachment made within four months next preceding the commencement of the bankrupt proceedings, is a virtual enactment that where the attachment is made more than four months before the commencement of the bankrupt proceeding, it shall not be dissolved, but shall remain of force. If all attachments were intended to be dissolved, it would be quite idle to declare that those made within four months should be dissolved.

Accordingly, it has been held many times in the various courts of the country, that as to the class of attachments not within the four months' limitation, the bankruptcy proceedings do not work their dissolution; that the debtor's title passes to the assignee, subject to the creditor's lien acquired by virtue of the attachment, and that a judgment to be enforced against the property attached, but not against the person of the debtor or any other property, may be entered, although a discharge has been granted, and is pleaded in bar of the action. Numerous cases to this effect are collected in Bump on Bankruptcy.‡

We think this is a sound exposition of the statute.

Where the power of a State court to proceed in a suit is subject to be impeached, it cannot be done except upon an intervention by the assignee, who shall state the facts and

---

\* Burroughs v. Brooks, 3 Head, 392; Lacey v. Moore, 6 Coldwell, 348; Sharp v. Hunter, 7 Id. 389.

† Section 221.

‡ Page 366, where the author cites Bates v. Tappan, 3 Bankrupt Register, 159; S. C , 99 Massachusetts, 376; Bowman v. Harding, 4 Bankrupt Register, 5; S. C , 56 Maine, 559; Samson v. Burton, 4 Bankrupt Register, 1; Leighton v. Kelsey, 4 Id. 155; S. C , 57 Maine, 85; Perry v. Somerby, Ib. 552; Stoddard v. Locke, 43 Vermont, 574; Daggett v. Cook, 37 Connecticut, 341.

make the proof necessary to terminate such jurisdiction This rule gains whether the four months' principle is applicable or whether it is not applicable.

In *Kent* v. *Downing*,\* the court say: "The assignee may on his own motion be made a party, if for no other reason than to have it properly made known to the court that the defendant has become bankrupt. He has also a right to move to dismiss the attachment. The adjudication of bankruptcy must be made known to the court in some authentic mode. It may be denied, and the State court cannot take notice of the judgment of other courts by intuition. They must be brought to the notice of the court, and this cannot be done without parties."

In *Gibson* v. *Green*,† the same principle is stated.

The application of these principles gives a ready solution of the question presented in the case before us. The issuing of the attachments against the property of Montgomery took place more than four months prior to the filing of his petition in bankruptcy. By the law of Tennessee the levy of the attachments gave a specific lien upon the property described in them.

If the assignee had intervened in the suit he would have been entitled to the property or its proceeds, subject to this lien. He did not, however, intervene or take any measures in the case. He allowed the property to be sold under the judgments in the attachment suits, and those under whom the defendant claims purchased it, obtaining a perfect title to the same. The plaintiff has no title upon which he can recover, and the judgment of the Circuit Court to that effect must be

AFFIRMED.

---

\* 44 Georgia, 116.

† 45 Mississippi, 209; see also Johnson *v.* Bishop, 1 Woolworth, 324, opinion by Justice Miller.