EZEKIEL S. JOHNSON *vs.* PATRICK COLLINS.

Suffolk.    March 22. — 27, 1875.    AMES & DEVENS, JJ., absent.

An attachment made more than four months before proceedings in bankruptcy under the U. S. St. of 1867, *c.* 176, is not dissolved by a bond given under the Gen. Sts. *c.* 123, § 104, after the defendant has pleaded his discharge and special judgment has been ordered for the plaintiff to be enforced against the property attached.

CONTRACT for breach of warranty against incumbrances in a deed of land from the defendant to the plaintiff. Writ dated November 4, 1870. After the decision reported 116 Mass. 392, the case was submitted to the Superior Court and to this court, on appeal, on an agreed statement of facts, in substance as follows:

On November 4, 1870, the plaintiff attached the defendant's real estate, and entered the writ at January term 1871. On September 2, 1872, the defendant was adjudicated a bankrupt, and his bankruptcy was suggested in the case on October 11, 1872. On May 5, 1873, the defendant obtained his discharge in bankruptcy, which discharge was pleaded and set up in the case on May 27, 1873, and the certificate thereof filed.

At April term, 1874, the case was tried to obtain a special judgment on the property attached on the writ, at which trial the defendant set up his discharge in bankruptcy, and a verdict of $995.12 was rendered, with the order that judgment, when entered, should be against the property attached. At the trial of the cause the defendant alleged exceptions, which were allowed, and entered in the Supreme Judicial Court. On November 18, 1874, the defendant filed a bond to dissolve the attachment on the writ in accordance with the provisions of the Gen. Sts. *c.* 123, § 104. On December 9, 1874, a rescript was received from the Supreme Judicial Court ordering the exceptions to be overruled. On December 10, 1874, before final judgment had been entered in the case, the defendant filed a motion, in which he prayed that a special judgment should not be entered against him, on the ground that the attachment was dissolved by the bond.

The Superior Court ordered judgment for the defendant, and the plaintiff appealed.

*S. W. Creech, Jr.,* for the plaintiff.

*T. Weston, Jr.,* for the defendant.

WELLS, J.    The bond to dissolve the attachment, which may be given at any time " before final judgment," is upon condition to pay whatever judgment the plaintiff may recover in the suit then pending.    The judgment thus secured must be a judgment against the defendant personally.    *Carpenter* v. *Turrell,* 100 Mass. 450.    *Braley* v. *Boomer,* 116 Mass. 527.    At the time this bond was given, no suit was pending in which any such judgment could be rendered.    The cause had been tried.    The discharge in bankruptcy was set up by a proper plea.    The result was an adjudication that the plaintiff was not entitled to recover against the defendant personally.    The court then proceeded to make a special adjudication to give effect to the lien of the creditor against the specific property attached on the writ.    That was a final disposition of the case as a suit against the debtor himself. There was no longer the possibility of a judgment to which the condition of the bond would be applicable.    A bond, whose condition depends upon a contingency which can in no event arise, is a mere nullity.

We are of opinion that a statute, which provides for a bond to secure the judgment that may be recovered in an action at law, and which allows the bond to be given at any time before final judgment, must be construed to contemplate a bond given while the suit is in a stage which will admit of its prosecution to such final judgment.

The bond in this case was not authorized by the General Statutes; and did not warrant the refusal of the court below to enter the special judgment, to which the plaintiff had been held to be entitled.                                                *Judgment reversed.*