HENRY E. FICKETT *vs.* JOSEPH J. DURHAM.

Suffolk. November 18. — 19, 1875. WELLS & COLT, JJ., absent.

The St. of 1875, *c.* 68, providing that "whenever any defendant in a civil action dissolves an attachment made in said suit, by giving bond as provided by the statutes of this Commonwealth, and has already been or afterwards is adjudged a bankrupt," the court may enter a special judgment, applies only to cases where bonds to dissolve attachments are given after the statute went into operation.

MORTON, J. The only question presented in this case is whether the plaintiff is entitled to a special judgment " to enable him to proceed against the sureties upon the bond given to dissolve the attachment," under the St. of 1875, *c.* 68.

There is no controversy as to the facts. The plaintiff's writ is dated October 1, 1872. An attachment of the defendant's property was made thereon, which was dissolved by a bond given on November 21, 1872. On February 6, 1875, the defendant was adjudged a bankrupt and has since obtained his discharge.

The attachment, having been made more than four months before the filing of the petition, would have continued a subsisting lien notwithstanding the bankruptcy, if it had not been dissolved by the acts of the parties, and the plaintiff would have been entitled to a qualified judgment to enforce it. But the attachment having been dissolved by a bond given under our statutes, the plaintiff is not entitled to a special judgment to enable him to hold the sureties upon the bond, unless this right is conferred by the St. of 1875. *Carpenter* v. *Turrell*, 100 Mass. 450. *Braley* v. *Boomer*, 116 Mass. 527. The case therefore turns upon the question whether the St. of 1875 is retroactive in its operation, so as to apply to cases in which bonds to dissolve attachments had been given before the statute took effect.

It is the settled rule in the interpretation of statutes that they are to be construed as prospective in their operation, and are not to be held to affect the rights or enlarge the liabilities of the sub-

ject as to past contracts or transactions unless such intention is unequivocally expressed or clearly to be implied from their provisions. *Gerry* v. *Stoneham*, 1 Allen, 319. *Garfield* v. *Bemis*, 2 Allen, 445. *North Bridgewater Bank* v. *Copeland*, 7 Allen, 139. In the statute we are considering, there is nothing to indicate that the Legislature intended it to have a retrospective operation. On the contrary it is clear that it was intended to apply only to cases where bonds to dissolve attachments were given after it went into operation. The statute provides that " whenever any defendant in a civil action dissolves an attachment made in said suit, by giving bond as provided by the statutes of this Commonwealth, and has already been or afterwards is adjudged a bankrupt," the court may enter a special judgment. This language, by its natural import, applies to the dissolution of attachments by giving bonds in the future, and not to cases where bonds have already been given. In accordance with a practice in framing statutes, introduced in the revision of 1860, and which has since become nearly uniform, the present tense, " dissolves," is used instead of the future, but the meaning is the same as if the future tense had been used and the provision had read that " whenever any defendant in a civil action shall dissolve an attachment therein by giving bond," the court may enter a special judgment. A significant indication that this was the intention of the Legislature is also found in the second section of the act, which provides that " no bond shall hereafter be given to dissolve an attachment in a civil action, unless it contains, in addition to the conditions now required by law, a further condition obliging the sureties to pay to the plaintiff, within thirty days after the entry of any special judgment in accordance with the preceding section, the sum, if any, for which said judgment shall be entered." This implies that the understanding of the Legislature was that the act imposed upon the sureties a new condition and an enlarged liability, which could only properly be enforced against those who, by the terms of their contract, had assumed such liability.

Without considering the point taken by the defendant, that the statute, if it was retrospective, would be unconstitutional, we are of opinion that it was not intended to, and does not by a fair construction of its terms, apply to cases where attachments have been dissolved by bonds given before it took effect, and therefore

that the plaintiff in the case at bar is not entitled to a special judgment, as ordered by the Superior Court.

*Exceptions sustained.*

*D. C. Linscott,* for the defendant.
*E. Merwin,* for the plaintiff.