NORMAN C. MUNSON *vs.* BOSTON, HARTFORD AND ERIE
RAILROAD COMPANY.

Suffolk.    March 7.— 9, 1876.    AMES & MORTON, JJ., absent.

An action, begun in a state court by attachment of the property of a corporation
against which, pending the action, but not within four months after the attachment
was made, proceedings in bankruptcy have been instituted, will not be dismissed
on motion of the assignees in bankruptcy of the corporation, for want of jurisdic-
tion.

CONTRACT. Writ dated March 1, 1870. On the same day,
the real estate of the defendant in the county of Suffolk was
attached. The declaration contained four counts. The first
three counts were for breach of alleged contracts between the
plaintiff and the defendants for services and materials in build-
ing the defendant's railroad and filling its flats. The fourth
count was on an account annexed for a balance of $873,812.23 ;
the items of this account embraced all the causes of action in the
preceding counts. The answer contained a general denial, and
also alleged that the plaintiff's charges were excessive ; that all
the services rendered and materials furnished had been fully paid
for ; and that all the property of the defendant had been placed
in the hands of receivers under the orders of this court.

In October, 1870, proceedings in bankruptcy were begun
against the defendant in the District Court of the United States
for the District of Massachusetts, and it was adjudged a bank-
rupt ; and in March, 1871, Charles S. Bradley, George M. Bar-
nard and Charles R. Chapman were appointed assignees, and the
proceedings in bankruptcy are still pending. At September
term 1872 of this court, on motion of the plaintiff, an order was
passed requiring the plaintiff to give notice to the assignees to
appear and defend the action. Service of this order was made
upon Bradley on October 18, 1872, and upon Barnard, October
21, 1872. No service was ever made on Chapman, he being out
of the jurisdiction. On June 12, 1874, the St. of 1874, *c.* 334,
entitled " An act to dissolve the Boston, Hartford & Erie Rail
road Company," was passed by the Legislature. No claim for
trial by jury having been filed in this action, it was set down by
the court to be heard on April 22, 1875, and at the time for hear-

ing, the assignees not appearing, the plaintiff moved for a default, and a qualified judgment, to be enforced against the property attached ; whereupon Barnard appeared specially, and caused to be read and filed in the case, at the same time, a paper objecting to the jurisdiction of the court. On May 17, 1875, Barnard and Bradley appeared specially, and filed a motion to dismiss on the ground of want of jurisdiction. No other appearance has been made by the assignees, or any of them.

At the hearing on this motion, the facts above set forth appeared of record or were admitted. *Devens*, J., overruled the motion to dismiss, and reported the case to the full court for the determination of the question whether the motion to dismiss should have been overruled.

*J. C. Gray, Jr.*, for the assignees in bankruptcy. As the defendant corporation is dissolved, the only object and possible effect of continuing proceedings in the state court is to enforce the lien acquired by the attachment. The point for decision is, therefore, whether the assignees are entitled to have the question of the validity and amount of the plaintiff's claim, and the dependent question of the validity and extent of his lien, determined in the bankruptcy court.

Congress has the power to give to the United States courts exclusive jurisdiction in all matters relating to the settlement of the bankrupt's estate and the distribution of his property. It may not only vest in them exclusive jurisdiction over liens acquired by proceedings in the state courts, but it may destroy such liens altogether. U. S. Rev. Sts. § 5044. U. S. St. 1800, *c*. 19, § 31. *Harrison* v. *Sterry*, 5 Cranch, 289, 301. *Payson* v. *Payson*, 1 Mass. 283, 290. *Davenport* v. *Tilton*, 10 Met. 320, 325 *& seq.*

Congress, as matter of fact, by the present bankrupt act, has given to assignees the right to have liens on the bankrupt's property ascertained and liquidated in the federal courts. U. S. Rev. Sts. §§ 4972, 5044.

The federal court may authorize property under a lien to be sold free from incumbrance, and the lien transferred to the proceeds. U. S. Rev. Sts. §§ 5063, 5066, 5075. *Clifton* v. *Foster* 103 Mass. 233. *Foster* v. *Ames*, 1 Lowell, 313. *Houston* v. *City Bank*, 6 How. 486. *Ray* v. *Norseworthy*, 23 Wall. 128. The

jurisdiction of the state courts must be abridged, if inconsistent with the untrammelled control of the United States courts over bankrupt estates.   The state insolvent courts have no jurisdiction during the existence of the bankrupt act, because the exercise of their powers would interfere with the rights and duties of the assignees, and there is no special virtue in a court of common law to preserve its jurisdiction above a court of insolvency.

The enforcement of a lien by attachment in the state court may interfere with the settlement of the estate in the federal court.   By the U. S. Rev. Sts. § 5044, the bankrupt's property, though under attachment, vests in the assignee, and his right to sell it free from the attachment shows that he has the whole control over it.   The judgment and execution sought in this suit would have for their effect to take away the property from the assignee without giving him a right to have the lien ascertained or liquidated in the court which appointed him.

The determination of liens is an essential part of that settlement or distribution of estates which it is the very object of the bankruptcy court to make.

. There is nothing anomalous in a lien by attachment being liquidated in the United States court after the suit has ceased to exist in the state court.   It is the regular practice when a suit is removed from a state court.   U. S. Rev. Sts. § 646.

That the jurisdiction of the federal court to liquidate the lien is paramount appears from the fact that it can order the property to be sold free from the attachment.

Assuming that the state court can ascertain the lien, it can only do so by and after judgment.   But the judgment would merge the debt.   By U. S. Rev. Sts. § 5075, the debt cannot be proved till the lien is ascertained.   Therefore the debt could not be proved until it had ceased to be provable.   *Sampson* v. *Clark,* 2 Cush. 173.   *Bradford* v. *Rice,* 102 Mass. 472.

When the defendant can have no future assets, there is no reason for continuing the proceedings under the U. S. Rev. Sts. § 5106.   The jurisdiction is to be maintained, if at all, only for the purpose of liquidating the lien, and for that it has been already shown to be improper.

In the case of *Ex parte Christy*, 3 How. 292, under the second bankrupt act, (U. S. St. 1841, c. 9,) Mr. Justice Story gave a very elaborate opinion, in which he laid down the doctrine that the whole jurisdiction in the ascertainment and liquidation of the lien was confided to a single court. 3 How. 321. Catron and Daniel, JJ., adopting an opinion delivered on circuit by Baldwin, J., dissented on the express ground that the assignee could not sell the property so as to pass an unincumbered title. 3 How. 331. A great controversy arose as to which of these views was correct; *Peck* v. *Jenness*, 7 How. 612; and to remove any doubt, the present bankrupt act adopts the very language of Judge Story, and expressly provides that the assignee may pass an unincumbered title. U. S. Rev. Sts. §§ 4972, 5063.

The assignee can abandon the attached property, if the attachment renders it valueless, just as he can refuse to take a lease which is worthless, and in that case the state court will decide the case between the bankrupt, or his grantee, and the attaching creditor, by giving judgment against the attached property. This is the case under the present, as it was under the former bankrupt act. *Peck* v. *Jenness, ubi supra. Davenport* v. *Tilton,* 10 Met. 320. *Kittredge* v. *Warren,* 14 N. H. 509. *Kittredge* v. *Emerson,* 15 N. H. 227. *Stockwell* v. *Silloway,* 113 Mass. 382. *Bates* v. *Tappan,* 99 Mass. 376. *Johnson* v. *Collins,* 116 Mass. 392. *Second Bank of Louisville* v. *National State Bank of Newark,* 10 Bush, 367, 380. The only case in which such a judgment has been granted where the assignee appeared is *Bosworth* v. *Pomeroy,* 112 Mass. 293, and there he not only raised no question of jurisdiction, but invoked the action of the court.

The courts of bankruptcy have repeatedly decided that they will enjoin proceedings to enforce liens by attachment or otherwise in the state court. *In re Vogel,* 7 Blatchf. C. C. 18. *In re Clark,* 9 Blatchf. C. C. 372. *In re Mallory,* 6 Bank. Reg. 22, 32.

In *Mays* v. *Fritton,* 20 Wall. 414, *Scott* v. *Kelly,* 22 Wall. 57, and *Doe* v. *Childress,* 21 Wall. 642, the Supreme Court of the United States, in accordance with its settled practice, refused to allow an objection to the jurisdiction, which had not been taken in the court below; but the language of the court in the last case strongly favors the contention of these assignees. 21 Wall. 645–647.

The assignees possessing a legal right to have the lien claimed in this case ascertained and liquidated in the court of bankruptcy, this court will protect that right, and not compel them to have recourse to an injunction from the federal court.

*D. Foster & D. E. Ware*, for the plaintiff.

GRAY, C. J.    The attachment in this case having been made more than four months before the commencement of the proceedings in bankruptcy, the lien created thereby is preserved by the bankrupt act, and the appropriate way of ascertaining the amount of this lien, and of making it effectual, is by judgment in this action.    U. S. St. 1867, *c.* 176, § 14.    U. S. Rev. Sts. § 5044.    *Doe* v. *Childress*, 21 Wall. 642.    *Ray* v. *Wight*, 119 Mass. 426.

Even in the case of an individual bankrupt, such an action is not to be dismissed upon the commencement of bankruptcy proceedings, but may either be stayed to await the determination of the question of the debtor's discharge in the court of bankruptcy, or, by leave of that court, proceed to judgment for the purpose of ascertaining the amount due to the plaintiff and provable in bankruptcy.    U. S. St. 1867, *c.* 176, § 21.    U. S. Rev. Sts. § 5106.    In the case of a bankrupt corporation, the bankrupt act does not restrain a creditor, who has not proved his claim in bankruptcy, from prosecuting the action to judgment, for the purpose of enforcing his lien upon the property attached, or of charging officers or stockholders who are liable for the debts of the corporation.    *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532.    *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.* 91 U. S. 656.

Although the United States court, sitting in bankruptcy, has jurisdiction to ascertain and liquidate the amount of the lien, and to order the property to be sold discharged of all incumbrances, yet it may elect not to do so ; and if, before any proceedings taken in that court for that purpose, this action should be dismissed, the lien created by the attachment would be discharged, and all benefit of it lost.    U. S. St. 1867, *c.* 176, §§ 1, 14, 20, 25.    U. S. Rev. Sts. §§ 4972, 5063, 5066, 5075.    *Ray* v. *Norseworthy*, 23 Wall. 128.    *Foster* v. *Ames*, 1 Lowell, 313. *Clifton* v. *Foster*, 103 Mass. 233.    *Braley* v. *Boomer*, 116 Mass. 527.    *Fickett* v. *Durham*, 119 Mass. 159.

This report does not require us to consider what effect a judgment for the plaintiff may have, as a merger of his cause of action, or upon his right to prove in bankruptcy. The only question before us is whether the action should be dismissed for want of jurisdiction, and for the reasons above stated we are of opinion that it should                *Not be dismissed.*