## Case No. 2,785.

### In re CLAPP et al.

[2 Lowell, 468;[1] 14 N. B. R. 191.]

District Court, D. Massachusetts. March, 1876.

#### BANKRUPTCY—ATTACHMENT—DISSOLUTION.

1. Attachments are not dissolved by the acceptance and recording of a resolution of composition.

[Cited in Re O'Neil, Case No. 10,528; Re Hazens, Id. 6,285.]

2. All liens are preserved which are not expressly disposed of by the bankrupt act of 1867 [14 Stat. 517].

3. An attachment can be dissolved only by an assignment.

LOWELL, District Judge. Objection has been made by three attaching creditors and by two deputy sheriffs that certain expenses of attachments of the debtor's property are not provided for by the resolution for composition. This objection might be a very important one in some cases. It would be very unjust that creditors should be bound to accept a certain amount of their debt and lose all their costs. It will, however, be soon enough to decide such a case when it arises. Here there has been no first meeting of creditors, no assignee chosen, and of course no assignment. It follows, as I have repeatedly decided, that attachments are not dissolved. My attention has lately been called to a decision of the court of appeals of Maryland, that an attachment less than four months old ought to be quashed after a composition has been duly accepted and recorded. Miller v. Mackenzie [43 Md. 404]. And I think it due to that decision to give my reasons for the opposite opinion. It cannot be denied that all liens of every kind, legal, equitable, maritime, statutory, are preserved by the bankrupt law, and by every such law, unless expressly mentioned and disposed of by the statute. As early as the time of James I. the English law provided that neither attachments nor judgments should give the holders of them an advantage over the other creditors in bankruptcy, unless the lien of the judgments were perfected by seizure or levy on execution. The bankrupt act of 1841 [5 Stat. 440] split on this very rock, the highest court holding, in opposition to the able argument of Story, J., that attachments were all preserved. Peck v. Jenness, 7 How. [48 U. S.] 612. It is true that liens were expressly preserved by the act of 1841, and the decision of the supreme court was only required upon the definition of liens; but, as I have said, it is plain, and has been decided by every court that has had the question to consider,

that liens are as carefully preserved by our present law as by any of its predecessors, excepting where positively affected by express words. The argument of the case I have cited is precisely that of Story, J., which the supreme court overruled, that the debt being gone, the security must go with it; and, logically followed, it cannot stop with attachments less than four months old, nor, indeed, with any other security. The true rule is, that, liens being preserved, the debt is preserved, so far as necessary in rem.

Now, there is nothing in the bankrupt law, including the sections which authorize a settlement by composition, that dissolves an attachment, excepting an assignment by the judge or register. Accordingly, it has been the practice here to call a first meeting, and have an assignee chosen, when it was found that there were attaching creditors who were not willing to come in. It seems almost a technical point, I agree, but there is no help for it; and there are, besides, some advantages in having an assignee to see that the composition is duly carried out. Where no such advantage would be derived, I have not found attaching creditors disposed to insist on obstructing the proceedings, provided their reasonable costs incurred in good faith are paid. In this case, the attaching creditors have the remedy in their own hands; for they can refuse to release their attachments until their costs are paid, and, indeed, their debts too, for that matter, unless they have in some mode released their attachments or estopped themselves. This state of things might be a reason for setting aside the resolution at the request of the other creditors; but as no one has asked for the order on that ground, and as I infer from the papers that the attaching creditors are ready to accept their share with the rest, if their costs are paid, I shall order the resolutions to be recorded, subject to be rescinded hereafter if it shall be necessary for the protection of the general creditors. Resolutions to be recorded.