BARNSTABLE SAVINGS BANK *vs.* JONATHAN HIGGINS & others.

Barnstable. Jan. 22. — Feb. 11, 1878. ENDICOTT & SOULE, JJ., absent.

The St. of 1875, *c.* 68, authorizing the court, when a defendant has dissolved, by giving bond, an attachment made four months before the commencement of proceedings in bankruptcy, and has been or is afterwards adjudged a bankrupt, to enter a special judgment for the plaintiff, to enable him to proceed against the sureties on the bond, is not in conflict with the United States bankrupt act; and such a judgment may be entered after a defendant, who executed such a bond pending the proceedings in bankruptcy, has obtained his discharge.

CONTRACT on a promissory note. Writ dated June 30, 1875. On the same day the property of the first named defendant was attached. On January 8, 1876, he was adjudged a bankrupt, and on August 3, 1876, obtained his discharge. On July 21, 1876, the attachment was dissolved by a bond, signed by Higgins as principal, and Calvin Snow and Franklin Gould as sureties, containing, in accordance with the provisions of the St. of 1875, *c.* 68, § 2, a condition obliging the sureties to pay to the plaintiff the amount of any special judgment.

In the Superior Court, at October term 1877, the plaintiff filed a motion that a special judgment might be entered for the plaintiff to enable it to proceed against the sureties on the bond. At the hearing on this motion, before *Aldrich,* J., the facts above set forth appeared of record or were admitted. The defendant Higgins requested the judge to rule that no special judgment could be entered for the plaintiff by virtue of the provisions of the St. of 1875, *c.* 68, for the reason that that statute was unconstitutional and in conflict with the bankrupt act. The judge declined so to rule, and directed that a special judgment be entered. The defendant Higgins alleged exceptions.

*H. P. Harriman,* for Higgins.

*J. M. Day,* for the plaintiff, was not called upon.

GRAY, C. J. An attachment on mesne process, made more than four months before the commencement of proceedings in bankruptcy, creates a lien on the property attached, which is preserved by the bankrupt act; and the court in which the action is pending may award such judgment and execution as are necessary to give effect to this lien, and as are authorized by the laws

of the Commonwealth, and not expressly or by implication prohibited by the act of Congress. U. S. Rev. Sts. § 5044. *Doe* v. *Childress*, 21 Wall. 642. The court may therefore, after the defendant has obtained a certificate of discharge in bankruptcy, render a special judgment against the property held under such an attachment. *Davenport* v. *Tilton*, 10 Met. 320. *Bates* v. *Tappan*, 99 Mass. 376. *Ray* v. *Wight*, 119 Mass. 426.

In the case of the dissolution of such an attachment by giving bond under the statutes of the Commonwealth, and of the principal obligor's obtaining a certificate of discharge in bankruptcy, the court could not, before the St. of 1875, *c.* 68, render a special judgment for the plaintiff for the purpose of charging the sureties ; because the condition of such a bond, under the Gen. Sts. *c.* 123, § 104, was only to pay the judgment recovered against the principal and which he was bound to pay, but which remained for thirty days unpaid. *Carpenter* v. *Turrell*, 100 Mass. 450. *Hamilton* v. *Bryant*, 114 Mass. 543. *Braley* v. *Boomer*, 116 Mass. 527.

But the St. of 1875 expressly authorizes the court, when the defendant has dissolved, by giving bond, an attachment made four months before the commencement of proceedings in bankruptcy, and has been or is afterwards adjudged a bankrupt, to enter a special judgment for the plaintiff, to enable him to proceed against the sureties on the bond ; and requires the bond to contain a condition that the sureties shall, within thirty days after the entry of such special judgment, pay to the plaintiff the sum for which the judgment is entered. This statute applies only to bonds given since it took effect. *Fickett* v. *Durham*, 119 Mass. 159.

We can perceive no force in the suggestion that this statute is inconsistent with the bankrupt act, and therefore invalid. The giving of the bond, by dissolving the attachment, increases the estate to be distributed in bankruptcy. The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit of that provision of the bankrupt act which declares that no discharge of the bankrupt shall release any person liable as a surety for the same debt. The fact that the sureties may here

after have a right, upon paying the amount of the judgment, to recover over against the principal, affords no reason why the statute should not authorize, or the court should not order, a special judgment to charge the sureties according to the terms of the bond which both principal and sureties have voluntarily executed — especially where, as in this case, that bond is executed after the commencement of the proceedings in bankruptcy, and therefore no claim under it can be proved against the estate of the principal, either by the obligee or by the sureties.

*Exceptions overruled.*