OLIVER F. SAGE *vs.* WILLIAM HELLER.

Suffolk. Nov. 14, 1877. — March 13, 1878. COLT & AMES, JJ., absent.

An attachment on mesne process, although made within four months of the commencement of proceedings in bankruptcy, is not, under the U. S. Rev. Sts. § 5044, dissolved by the institution of such proceedings, but only by an assignment to an assignee, after an adjudication of bankruptcy; and, if no such assignment or adjudication is made, proceedings for a composition, under the U. S. St. of June 22, 1874, § 17, do not dissolve the attachment, or affect the rights of the attaching creditor, if he took no part in such proceedings.

PETITION, under the St. of 1875, *c.* 33, to vacate a judgment. Trial in the Superior Court, without a jury, before *Colburn,* J., who allowed a bill of exceptions in substance as follows :

Heller brought an action against Sage by writ dated December 22, 1875, and returnable to and entered at April term 1876, of the Superior Court. The writ was duly served on Sage, and his property attached on December 22, 1875, and duly sold by the attaching officer, and the proceeds held by him to be taken on execution. No appearance was entered for Sage, and on April 21 a judgment was rendered for Heller for $961.52 damages, and $372.92 costs of suit, on which execution issued. On April 22 the officer noted a levy of the execution upon the proceeds of the sale of the attached property, but proceeded no further, and on April 25 a supersedeas, which was issued on the petition to vacate the judgment, was served upon him, and he paid over the money in his hands to Sage. It was conceded that the claim of Heller was a valid debt due from Sage.

On March 16, 1876, certain creditors of Sage filed a petition against him in bankruptcy in the District Court of the United States for the District of Massachusetts, under the U. S. Rev. Sts. § 5021, but there was no hearing or adjudication upon this petition.

On March 22, 1876, Sage filed a proposition for a composition in bankruptcy, under the U. S. St. of June 22, 1874, and on April 3, 1876, the creditors passed a resolution accepting the proposition, and on April 8, 1876, the resolution was accepted and confirmed by the court, and no other bankruptcy proceedings were had. Heller's name and address, and the amount of his claim, appeared on the statement produced by Sage at the

meeting at which the resolution was passed, but Heller took no part in any of the proceedings. Sage carried out his composition with the other creditors, and was ready to pay Heller the amount due him under the same, and, before the default in the suit, tendered the amount to Heller.

The judge found, on the evidence offered to show the reason for not entering an appearance, that a case of mistake and accident was shown to warrant the vacating of the judgment, if there had been any defence to the suit on the merits, or if Sage had a legal right to avail himself of his bankruptcy proceedings in defence of the action; but ruled as matter of law that the bankruptcy proceedings did not dissolve the attachment in the suit, and, as the validity of the plaintiff's claim was conceded, and there was money enough in the officer's hands to satisfy the judgment, that Sage showed no sufficient reason for vacating the judgment; and dismissed the petition. The petitioner alleged exceptions.

*A. A. Ranney & J. P. Treadwell*, for the petitioner.

*T. P. Proctor & F. S. Hesseltine*, for the respondent.

GRAY, C. J. An attachment on mesne process creates a lien upon the property attached, and, though made within four months of the commencement of proceedings in bankruptcy, is not dissolved by the institution of such proceedings, but only by an assignment to an assignee after an adjudication of bankruptcy. U. S. Rev. Sts. § 5044. *Hampton* v. *Rouse*, 22 Wall. 263. No such adjudication or assignment having been made in this case, the proceedings for a composition under the U. S. St. of June 22, 1874, § 17, did not dissolve the attachment, or affect the right of the attaching creditor, who took no part in those proceedings, to enforce his security. *In re Clapp*, 2 Lowell, 168. *In re Scott*, 15 Bankr. Reg. 73. *In re Shields*, 4 Dillon, 588. *Cutter* v. *Gay*, 8 Allen, 134. *Ex parte Jones*, L. R. 10 Ch. 663. *In re Bestwick*, 2 Ch. D. 485, affirming *S. C.* 1 Ch. D. 702.                                    *Exceptions overruled.*