GEORGE CUNNINGHAM & others *vs.* HENRY M. HALL & another
& trustee.

Hancock. Opinion April 19, 1879.

*Bankruptcy. Composition. Lien.*

A composition in bankruptcy does not discharge the lien created by an attachment of the bankrupt's property, unless the estate of the bankrupt has been conveyed to an assignee.

ON REPORT.

The principal defendants were declared bankrupts upon their own petition within four months after the writ in this case was commenced and service made on the trustee. The estate of the defendants was not conveyed to an assignee in bankruptcy, as no assignee was ever chosen or appointed, but the estate was settled under a resolution for composition which was approved and recorded by the court, the plaintiffs not taking the percentage offered upon their claim. The plaintiffs contend that because the estate was not transferred to an assignee, their lien of attachment upon the funds in the hands of the trustee is not lost. If that be so, the proper judgment is to be entered up, to give the plaintiffs

the benefit of any attachment upon the funds in the trustee's hands. If it be not so, then plaintiffs are to be nonsuited.

*W. P. Joy*, for the plaintiffs.

*G. S. Peters*, for the defendants.

PETERS, J. A composition in bankruptcy does not discharge the lien created by an attachment of the bankrupt's property, unless the estate has been conveyed to an assignee. The reason is this: An attachment is a lien which the law cannot release except by such means as may be provided for the purpose in the bankrupt law itself. *Peck* v. *Jenness*, 7 How. 612. The only mode provided is that contained in U. S. R. S., § 5044, which declares that an assignment in bankruptcy shall relate back and vest the title of the estate in the assignee, notwithstanding the same is held under an attachment not four months old. *Morgan* v. *Campbell*, 22 Wall. 381. In such case there is no estate that the attachment can operate upon. The law in this way liberates property from attachment, and in no other way can such a result be attained. The authorities generally take this view. *Sage* v. *Heller*, 124 Mass. 213. *Blume* v. *Gilbert*, *Id.* 215. *Storer* v. *Haynes*, 67 Maine, 420. *In re Clapp*, 2 Lowell, 468. *In re Chidley*, L. R., 1 Ch. D. 177. *Ex parte Jones*, L. R., 10 Ch. (App. Cas.) 663. Bump on Composition, 18, and cases cited. Two cases have come under our observation which are opposed to this interpretation of the bankrupt law, but we are not satisfied that the conclusion adopted by them is the correct one. *Miller* v. *McKenzie*, 43 Md. 404 (13 B. R. 406). *Smith* v. *Engle*, decided by the Iowa supreme court, 14 B. R. 481.

> *Plaintiff to have a judgment such as will preserve to him his security held by the trustee process.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.