## WILLIAM S. DENNY *vs.* LUCIUS MERRIFIELD.

Suffolk.  March 11, 1879. — Jan. 12, 1880.  MORTON & ENDICOTT, JJ., absent.

Proceedings of composition under the U. S. St. of June 22, 1874, § 17, followed by payment or tender of the sums due, bar the rendering of any judgment against the debtor personally in an action by a creditor, whose debt is described in the statement of the debtor, and would be barred by a certificate of discharge in bankruptcy.

The St. of 1875, c. 68, authorizing the entry of a special judgment for the purpose of charging the sureties on a bond given to dissolve an attachment, if the de fendant is "adjudged a bankrupt," and the attachment is "not made within four months next preceding the commencement of proceedings in bankruptcy," does not warrant the entry of such a judgment when the attachment is made within the four months, and there is no assignment in bankruptcy, and the debtor is discharged by proceedings of composition under the U. S. St. of June 22, 1874, § 17, whether he is or is not adjudged a bankrupt.

CONTRACT for money had and received. Answer, a composition in bankruptcy under the U. S. St. of June 22, 1874, § 17. Trial in the Superior Court, without a jury, before *Aldrich,* J., who reported the case for the determination of this court in substance as follows:

The debt sued on was a valid debt due from the defendant to the plaintiff. The action was commenced on January 31, 1878, by an attachment of the defendant's property, which was sufficient, and the attaching officer had in his hands, when this action was entered, money enough to pay the plaintiff's claim in full. On February 21, 1878, the defendant filed his petition in bankruptcy in the District Court of the United States for the District of Massachusetts, but no hearing was ever had on the petition, nor was the defendant ever adjudged a bankrupt, nor an assignee of his estate chosen. At the time of filing his petition in bankruptcy, the defendant also filed, under the U. S. St. of June 22, 1874, § 17, an offer of composition with his creditors at the rate of twenty per cent, which, after due notice, was accepted by a resolution passed and signed by the requisite majority of his creditors, and, on March 23, 1878, was approved and recorded by the court. The plaintiff's name and the amount of his claim were placed upon the list of the creditors, and proper notices were sent to him. The defendant has fully complied with and carried out the terms of the composition

with his other creditors, and duly tendered to the plaintiff a sum which was twenty per cent of his claim, which the plaintiff refused to accept. The plaintiff attended none of the composition meetings, and took no part in any of those proceedings.

On April 16, 1878, the defendant filed with the clerk of the court a bond with sureties, approved by the plaintiff's attorney, to discharge the attachment, the condition of which was that the defendant should, within thirty days after the final judgment in such action, pay to the plaintiff the amount, if any, which he should recover, and that the sureties should also, within thirty days after the entry of any special judgment in such action, pay to the plaintiff the sum, if any, for which such judgment should be entered; and the officer surrendered the property attached to the defendant.

The plaintiff objected to the admissibility of the bond in evidence, but the judge admitted it. The plaintiff contended that he was entitled to a judgment against the defendant, or a judgment against the property attached, or a special judgment, or such a judgment as would enable him to proceed against the sureties on the bond. But the judge ordered judgment for the defendant.

If the bond was inadmissible, and without it the plaintiff was entitled to judgment, such judgment was to be entered. If the plaintiff was entitled to any kind of judgment, such judgment was to be entered; otherwise, judgment for the defendant.

*F. S. Hesseltine & F. A. Dearborn*, (*W. W. Carruth* with them,) for the plaintiff.

*D. Manning*, *Jr.*, for the defendant.

GRAY, C. J. The U. S. St. of June 22, 1874, § 17, allows a creditor, holding collateral security for his debt, to share in the proceedings of composition, only to the excess of the debt above the security, or upon surrendering the security for the benefit of the estate; and makes the composition binding upon all debts, whether secured or unsecured, which are duly described in the statement of the debtor, and are of such a nature that they would be barred by a certificate of discharge in bankruptcy. *Mudge* v. *Wilmot*, 124 Mass. 493. *Leggett* v. *Barton*, 11 Vroom, 83. The composition, followed by payment or tender of the sums due according to it, therefore discharged the

defendant from personal liability to the plaintiff, and the plain-tiff is not entitled to a general judgment.

As no assignment in bankruptcy was ever made, the proceedings did not discharge the plaintiff's attachment, and would not have prevented the plaintiff, if the property attached had remained subject to the lien created by the attachment, from taking special judgment against that property for the purpose of giving effect to that lien. *Ray* v. *Wight*, 119 Mass. 426. *Sage* v. *Heller*, 124 Mass. 213. *Alsop* v. *White*, 45 Conn. 499.

But the attachment having been dissolved and the property surrendered to the defendant upon his giving bond for the payment of any judgment recovered in the action, the property attached is no longer bound by the attachment, and consequently no special judgment against the property can be entered.

The remaining question is, whether a special judgment can be given for the plaintiff for the purpose of charging the sureties on that bond. If the bond had been in the ordinary form of a bond to dissolve an attachment, such as was in use in this Commonwealth before the passage of the St. of 1875, *c*. 68, no such special judgment could have been rendered. The plaintiff's rights, therefore, depend upon the construction of this statute. *Barnstable Savings Bank* v. *Higgins*, 124 Mass. 115, and cases cited.

Proceedings for a composition under the act of Congress of 1874 may be had at any time after the filing of a petition in bankruptcy, "whether an adjudication in bankruptcy shall have been had or not;" and, as already stated, do not, unless there has been an assignment in bankruptcy, dissolve attachments, though made within four months before the filing of the petition. The St. of 1875, *c*. 68, passed nine months later, authorizes the entry of a special judgment, for the purpose of charging the sureties on a bond given to dissolve an attachment, only in cases in which both the defendant " has already been or afterwards is adjudged a bankrupt," and the attachment is "not made within four months next preceding the commencement of proceedings in bankruptcy." This statute cannot, consistently with its explicit provisions, be construed to include cases like that before us, in which there has been no adjudication of bankruptcy, nor assignment in bankruptcy, nor attachment made more than four months before the filing of the petition.

If we were sitting as legislators, we might yield to the suggestion that the reasons are no less strong for allowing such a special judgment to be entered in every case in which proceedings in bankruptcy are had for the distribution of a debtor's property among his creditors and for his discharge from his debts by way of composition, than in the case in which he is adjudged a bankrupt and the subsequent proceedings are in the ordinary form; and in a case in which the attachment, though made within four months before the commencement of proceedings in bankruptcy, fails to be dissolved because no assignment in bankruptcy is made, than in one in which, notwithstanding such an assignment, the attachment remains in force because made more than four months before the commencement of such proceedings. But, sitting as judges, we cannot extend the statute by construction to cases which, though they may appear to be within its reason, do not satisfy the conditions clearly prescribed and defined by its language. *Jacob* v. *United States,* 1 Brock. 520. *Denn* v. *Reid,* 10 Pet. 524, 527. *Putnam* v. *Longley,* 11 Pick. 487, 490.                     *Judgment for the defendant.\**

---

\* A similar decision was made on the same day in Bristol in the case of

J. F. COMSTOCK & others *vs.* JATHNIEL C. PECK.

CONTRACT for goods sold and delivered. Writ dated March 19, 1878, returnable to the Superior Court. An attachment was made the same day, which was dissolved two days afterwards by the defendant giving a bond with sureties, containing the condition prescribed by the St. of 1875, c. 68. On March 23, 1878, the defendant filed a petition in bankruptcy, and was adjudged a bankrupt; but no assignee was appointed, and subsequently a resolution of composition with the creditors was adopted by the creditors, and duly recorded; but the plaintiffs took no part in these proceedings. The creditors other than the plaintiffs were paid according to the terms of the composition, and the amount due the plaintiffs thereby was tendered to them. At March term 1879, *Allen,* J., on motion of the plaintiffs, ordered a special judgment to be entered for them; and the defendant alleged exceptions.

*W. H. Fox,* for the defendant.

*E. H. Bennett & W. E. Fuller,* for the plaintiffs.

GRAY, C. J. In this case, argued while that of *Denny* v. *Merrifield, supra,* has been under advisement, although the defendant has been adjudged a bankrupt, yet the attachment having been made less than four months before the commencement of proceedings in bankruptcy, the case is not within the St. of 1875, c. 68.                     *Exceptions sustained.*