EVA CASAVANT vs. WILLIAM BOREKA.

Bristol.    October 26, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Bankruptcy*, Composition, Dissolution of attachment.    *Attachment.*

The lien of an attachment of property of an insolvent person was dis-
solved when a composition, offered by the insolvent in involuntary
bankruptcy proceedings, was confirmed within four months after
the date of the attachment.

CONTRACT.    Writ in the Third District Court of Bristol
dated April 29, 1935.

Judgment for the defendant was ordered by *Silvia*, J.
A report to the Appellate Division for the Southern District
was ordered dismissed.    The plaintiff appealed.

The case was submitted on briefs.

*S. Rosenberg*, for the plaintiff.

*A. Auger*, for the defendant.

LUMMUS, J.    This is an action of contract in which an
attachment was made of chattels which the sheriff still
holds.    The defendant showed that pending the action he
had been petitioned into involuntary bankruptcy;    that
before any adjudication of bankruptcy he had offered a
composition, under § 12 of the bankruptcy act (U. S. C.
Title 11, § 30);    that the composition was confirmed by the
bankruptcy court as provided in that section;    and that the
plaintiff filed a proof of claim for the full amount of her
claim and accepted her dividend under the composition.

The plaintiff concedes that she cannot obtain a judgment
enforceable against the defendant personally.    Section 14
of the bankruptcy act (U. S. C. Title 11, § 32 [c]) provides
that "The confirmation of a composition shall discharge
the bankrupt from his debts, other than those agreed to be
paid by the terms of the composition and those not affected
by a discharge." *In re Kornbluth*, 65 Fed. (2d) 400.    But
she contends that she is entitled to a judgment which can
be enforced against the attached chattels.    The judge,

however, ordered judgment for the defendant, the Appellate Division sustained his action, and the plaintiff appealed.

It is true that a debt is not extinguished by the confirmation of a composition any more than by an ordinary discharge in bankruptcy. *In re Kornbluth,* 65 Fed. (2d) 400. The bankrupt may waive his discharge, a surety is not discharged, and a valid lien securing the debt may be enforced. *McClintic-Marshall Co.* v. *New Bedford,* 239 Mass. 216, 222, 223. *Snyder* v. *Smith,* 185 Mass. 58. *Wexler* v. *Davis,* 286 Mass. 142. *B. M. C. Durfee Trust Co.* v. *Steiger,* 296 Mass. 136.

But it does not follow that an attachment is unaffected by the composition. The lien of an attachment against an insolvent is lost if the defendant is adjudged bankrupt upon a petition filed within four months after the attachment. Bankruptcy act, § 67 (f) (U. S. C. Title 11, § 107 [f]). *Straton* v. *New,* 283 U. S. 318, 322. Although no statute in terms avoids attachments upon the confirmation of a composition, the provisions that upon the confirmation of a composition the debts of the bankrupt shall be discharged (bankruptcy act, § 14 [c], U. S. C. Title 11, § 32 [c]), and that the title to his property shall revest in him (bankruptcy act, § 70 [f], U. S. C. Title 11, § 110 [f]), have led courts to draw the inference "that all liens incident to the debts from which the bankrupt is discharged are also discharged" if less than four months old. *In re Lilienthal,* 256 Fed. 819, 821. *International Shoe Co.* v. *Rubins,* 74 Fed. (2d) 432, certiorari denied 295 U. S. 758. This, we think, is the law, notwithstanding the criticisms in Remington, Bankruptcy (4th ed. 1934) § 3070. Cases arising under the earlier bankruptcy law are not controlling. *Sage* v. *Heller,* 124 Mass. 213. *Denny* v. *Merrifield,* 128 Mass. 228.

There is no suggestion in the record or in argument, that the defendant was not insolvent when the attachment was made (*Liberty National Bank* v. *Bear,* 265 U. S. 365), or that the attachment was more than four months old when the composition was confirmed. *Oilfields Syndicate* v. *American Improvement Co.* 260 Fed. 905.

*Order dismissing report affirmed.*