Aguiar, J.
This appeal raises the issue of whether the District Court has the authority and discretion to issue executions after one year from the date of judgment under M.G.L.c. 235, §§17 and 19.
We believe it does.
On April 29,1994 an Agreement for Judgment was entered by the parties on the *225 issue of liability and a hearing was scheduled on a Motion to Assess Damages.
On June 17,1994 upon a Motion to Assess Damages a single Judgment entered on the docket against the multiple defendants in the amount of $437,500.00. Statutory interest being added to the Judgment was waived by Agreement of the Parties.
The last activity in this case was on July 21,1995 when plaintiffs’ prior counsel took the depositions of the defendants.
Plaintiffs’ new counsel never attempted to contact defendants’ counsel of record except for mailing the formal Certificate of Service which indicated both his representation of the plaintiffs and marked up the Motion for Executions for Hearing.
Defendants’ counsel received said Certificate of Service on February 3, 1999, four days after the hearing date of January 29,1999.
No Executions since the date of the Judgment and prior to that Motion for Execution to Issue had ever been sought, requested or issued.
Plaintiffs’ Motion sought three (3) executions, each for the full amount of the Judgment against each of the three (3) individually named defendants.
On February 1,1999 three (3) original Executions issued, each in the amount of $437,500.00. One Execution against each of the defendants, John A Garvey, Thomas E. Garvey, and Richard T. Garvey.
As to John A. Garvey and Thomas E. Garvey only, Defendants’ counsel on February 16, 1999 filed a Motion for Rehearing of January 29, 1999, Motion Due to Lack of Notice and a Motion to Recall and Annul Executions Dated February 2, 1999. Judge Reardon allowed the Motion for Rehearing on March 16, 1999 because of lack of notice. Defendant Richard T. Garvey has never appeared or challenged the issuance of the Execution against him. Judge Reardon heard argument on the Motion to Recall and Annul the Execution on March 16, 1999 and denied such motion on March 19,1999 for the reasons memorialized in a Clerk’s Memorandum dated March 19, 1999. The Court found that M.G.L.c. 235, §19 allows issuance of Execution after the expiration of the time for taking out Execution on a Judgment. The Court found that the Judgment remains unsatisfied. The Court further found a reasonable need for three (3) separate Executions, it being clearly understood by Plaintiffs’ counsel that the total sum of the Judgment plus applicable interest and costs may only be recovered once.
Defendants argue that the executions are a nullity because section 17 states in part, “An original execution shall not issue after the expiration of one year after the party is first entitled to take it out...” and more than one year passed from June 17,1994 to February 1,1999.
Defendants further argue that section 19 requires two predicates before a judge can issue an execution — (1) an unsatisfied judgment and (2) an original execution. Defendants argue that no original execution was issued under section 17 prior to those executions on appeal, therefore, by definition, no “new” or “alias” execution can issue pursuant to M.G.L.c. 235, section 19.
We disagree with the Defendants.
Plaintiffs argue as follows:
M.G.L.c. 235, section 17 prohibits the ministerial act of issuance of the execution after the expiration of one year. That same statute goes on to state that alias or other successive executions shall not issue after the expiration of five years from the return day of that which preceded it. This clearly implies that despite the original execution has a one year period, subsequent and successive executions were anticipated by the legislature.
M.G.L.c. 235, section 19 does not discuss or address alias or successive executions, and thus, the “new” execution reference in that section *226 cannot be read to refer to successive executions for the balance of any judgment which remains unsatisfied. That process is covered specifically in the terms and provisions of section 17. To read section 19 in any other way, would render it a nullity. To interpret the language of section 19 in a manner in which the defendants would suggest, would mean that if an execution is not requested within the one year from the date of the judgment, then the judgment is worthless. This is specifically inconsistent with the specific language contained in section 17 which makes the issuance of alias or successive executions subject to the provisions of M.G.L.C. 260, section 20 collectible for 20 years and M.G.L.c. 260, section 20 which makes judgments valid for 20 years.
We agree with plaintiffs’ arguments.
M.G.Lc. 235, §22 gives the trial court authority to modify the executions to conform to the truth and to do justice. Having that authority, we find there was no abuse of discretion on the part of the trial court in rendering or in granting the plaintiffs’ motion for the issuance of three (3) executions with limiting language.
For all the above reasons we find there was no error and the appeal is dismissed.