Gardner, J.
The protracted dispute between the parties to this action arose from the failure by defendant Zhong Shu Guo (“Guo”) to pay for goods sold and delivered to him ten years ago by plaintiff Lewis Beef Company, Inc. (“Lewis Beef’). The case is now before this Appellate Division upon Lewis Beefs expedited appeal of the denial of its G.L.c. 235, §19 motion for the issuance of an execution late.
Lewis Beef filed its first action against Guo in January, 1995 in the Springfield Division of the District Court Department to recover upon an account annexed for Guo’s breach of contract in failing to pay for the goods he had purchased. On March 7,1995, the court allowed Lewis Beefs motion for an attachment on Guo’s property. Guo was defaulted for his failure to answer, and a default judgment was entered on April 4, 1995. An execution was issued on April 26, 1995, but Lewis Beef never levied on that execution.
More than two years later, on July 7,1997, Lewis Beef filed a second complaint in the Springfield District Court claiming that the earlier judgment remained unsatisfied. Lewis Beef obtained an ex parte real estate attachment on Guo’s property, which was recorded in the Registry of Deeds on July 14,1997. After service upon him of the complaint, summons and writ of attachment, Guo again failed to answer and was again defaulted. A default judgment was entered on September 8, 1997. Lewis Beef did not seek an execution on this second judgment within the one-year time limit mandated by G.L.c. 235, §17.
In a memorandum submitted in opposition to Lewis Beefs motion to issue execution late, Guo indicates that he filed a Chapter 7 Bankruptcy Petition in the Bankruptcy Court on July 14, 1997. While neither party submitted court documents from Guo’s bankruptcy action, both parties agree that Guo’s debt to Lewis Beef was discharged in those proceedings. However, there is nothing in the record to indicate the effective date of the discharge issued by the Bankruptcy Court.
On May 7,2003, Lewis Beef mailed a timely request to the Registry of Deeds to bring forward the real estate attachment for an additional six years pursuant to G.L.c. 223, §114A.
On February 5,2004, Lewis Beef filed a motion in the Springfield District Court for the issuance of an execution late pursuant to G.L.c. 235, §19. “A new execution under §19 may be obtained where a judgment ‘remains unsatisfied after the expiration of the time for taking out execution,’ but may be acquired only by motion.” First National Bank of Boston v. Bernier, 50 Mass. App. Ct. 756, 759 (2001). Despite Lewis Beef’s admission that Guo’s obligation to it had been discharged in bankruptcy, it sought to enforce its attachment against defendant Guo’s real property by means of a late execution. After hearing, the court denied Lewis Beef’s motion on April 15,2004. This appeal followed.
*139 Section 19 of c. 235 does not set forth any standards to be utilized by the court in deciding whether to allow a motion for the issuance of an execution after the expiration of the G.L.c. 235, §17 one-year time period. The dispositive issue on this appeal is whether the denial of Lewis Beefs motion constituted an abuse of discretion. See Mashpee Wanpanoag Rod and Gun Club v. Garvey, 1999 Mass. App. Div. 224. We conclude that such denial did not entail the “arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice” which is the hallmark of an abuse of judicial discretion, Giuliano v. Vacca, 2005 Mass. App. Div. 154, 158, and affirm the court’s ruling.
Both parties agree that Guo’s debt to Lewis Beef was discharged in bankruptcy. That fact alone warranted the denial of Lewis Beef’s G.L.c. 235, §19 motion. Lewis Beef had several opportunities to collect on its claim, but made no effort to levy on its execution in the first suit and delayed for approximately six and one-half years before even attempting to obtain an execution on the second judgment. By the time Lewis Beef moved for a late execution, Guo had already completed the bankruptcy proceedings necessary to discharge the debt in question. Lewis Beef’s contention that its attachment on Guo’s property remains valid because Guo failed to file a motion in the Bankruptcy Court to avoid the judicial lien pursuant to 11 U.S.C. §522 is immaterial. As a practical matter, the discharge in bankruptcy rendered the underlying debt unenforceable. “The very definition of a lien is right to hold goods, the property of another, in security for some debt, duty or other obligation.” City of Boston v. Rockland Trust Company, 391 Mass. 48, 55 (1984). The attachment or lien could no longer serve as security for a debt that had been rightfully discharged. “[A] 11 liens incident to the debt from which the bankrupt is discharged are also discharged.” Casavant v. Boreka, 298 Mass. 528, 529 (1937).
There being no abuse of discretion, the denial of the plaintiff’s G.L.c. 235, §19 motion is affirmed. Appeal dismissed.
So ordered.