NATHAN CARPENTER & another *vs.* ALBERT A. TURRELL & another.

A discharge in bankruptcy is a bar to the further prosecution of a suit against the bankrupt, commenced by attachment more than four months before the commencement of the bankruptcy proceedings, if the attachment was dissolved by giving bond under the Gen. Sts. c. 123, § 104; notwithstanding the provisions in the United States bankrupt act, U. S. St. of 1867, c. 176, §§ 14, 33, preserving the lien of an attachment made four months or more before the commencement of bankruptcy proceedings, and continuing the liability of sureties after the discharge in bankruptcy of their principal.

CONTRACT. The writ was dated and an attachment of goods and chattels was made July 30, 1867. On August 31, 1867, the attachment was dissolved by bond under the Gen. Sts. *c.* 123, § 104. On February 27, 1868, the defendants filed their petition in bankruptcy, and suggested on the record the pendency of the bankruptcy proceedings. At the trial in the superior court, before *Morton,* J., without a jury, it was agreed that the defendants' plea of the pendency of proceedings in bankruptcy might be taken as a plea of discharge in bankruptcy, and should have the same operation and effect as the defendants' discharge would have, if they had obtained and pleaded the same. The plaintiffs requested the judge to find for them, to the end that a special judgment for the plaintiffs might be entered and the plaintiffs thereby enabled to avail themselves of the bond given to dissolve the attachment. But the judge ruled that the defendants' discharge in bankruptcy was a bar to the further prosecution of the suit, and found for the defendants; and the plaintiffs alleged exceptions

*R. Olney,* for the plaintiffs. 1. The bond to dissolve an attachment provided for by the Gen. Sts. *c.* 123, § 104, is simply a substitute for the lien of the attachment; both are the creatures

of the statute law, and the U. S. St. of 1867, *c.* 176, § 14, which provides that the assignment in bankruptcy shall dissolve any attachment made within four months next preceding the commencement of bankruptcy proceedings, impliedly exempting a statutory attachment made four months before the bankruptcy proceedings, is to be construed as embracing its statutory equivalent, and as giving a similar implied right to prosecute the suit, and to have the proper special judgment entered, as decided in *Bates* v. *Tappan*, 99 Mass. 376. On any other construction, since every attachment may be dissolved by bond, the effect of this exemption would be wholly defeated. In *Loring* v. *Eager*, 3 Cush. 188, the court refused to permit the suit to proceed to special judgment for the sole purpose of charging the sureties on a bond to dissolve an attachment, the attachment being one that the insolvency would have dissolved, because, they said, " it could not have been intended that the plaintiffs should have any greater right under the bond than they would have had under the attachment." Upon the principle of that case, and giving the plaintiffs here the same rights under their bond as they would have had under the attachment, the bond is not affected by bankruptcy proceedings. See *Murray* v. *Shearer*, 7 Cush. 333; *New England Steam Pipe Co.* v. *Parker*, 10 Gray, 333.

2. The bond is a contract not impaired by the bankrupt act; that act is satisfied in its scope if confined to the bankrupt's contracts, and § 33, which provides that " no discharge shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise," shows the true intent of the act. Where the act leaves in a creditor a right which only a judgment can make available, there is an implied right to a judgment. *Bates* v. *Tappan*, 99 Mass. 376. *Davenport* v. *Tilton*, 10 Met. 320, 330. *Peck* v. *Jenness*, 7 How. 612. The judgment raises no debt which will not be discharged, for the liability of the sureties on the bond is a contingent liability and provable under § 19 of the bankrupt act. *Adkins* v. *Farrington*, 5 H. & N. 586. Shelford on Bankr. & Ins. (ed. 1862) 542, 543, and cases cited. The special judgment sought is within the meaning of

the condition of the bond. *Flagg* v. *Tyler*, 6 Mass. 33. *Gas* v. *Smith*, 6 Gray, 112. *New England Steam Pipe Co.* v. *Parker* 10 Gray, 333.

*G. Putnam, Jr.*, for the defendants.

WELLS, J. This case must follow the decision in *Loring* v. *Eager*, 3 Cush. 188. The only difference in the facts is, that, in this case, but for the bond by which the attachment was dissolved, it would have been preserved by the provisions of the bankrupt act, and the plaintiffs might have had the restricted judgment which was rendered in *Bates* v. *Tappan*, 99 Mass. 376. But the lien, which was thus made available in that case, was preserved by the explicit terms of the statute. Those terms do not apply to the collateral liability of sureties upon a bond given to dissolve the attachment, and by which the lien is discharged. The plaintiffs contend that the bond is a mere substitute for the attachment, and therefore that it should stand in all respects as its precise equivalent. But such is not the purport of the bond, nor the intention of the statute which authorizes it to be given. It does not merely restore the possession of the property to the debtor subject to the attachment; it dissolves the attachment utterly. It is not given for the property itself, nor as security for its value; but for the payment absolutely of the judgment when recovered in the suit, whatever may be its amount. It is, in many respects, a higher and better security for the creditor than the attachment. It is not liable to oe discharged by the insolvency or death of the debtor; nor by any facts which might dissolve the attachment without defeating the suit. This is shown by the cases cited upon the brief of the plaintiffs.

The bond, although a substitute for the attachment, is not its equivalent, and has not its incidents. The provision of the bankrupt act, which preserves liens and attachments, cannot therefore have any application to it.

The plaintiffs also rely upon the provision of the bankrupt act which continues the liability of sureties, and other parties collaterally bound, notwithstanding the discharge of their principal. But we understand that provision to apply to persons

**who** are liable for the debt of the bankrupt, which existed before and is discharged by the proceedings in bankruptcy. This bond was not such a debt. It does not become of the nature of a debt until the contingency arises upon which it is to be made operative; to wit, a judgment valid against the principal, and which he is bound to pay, but which remains for thirty days unpaid. The obligation of the principal himself is merely collateral to the suit. Until judgment, the bond bears a relation to the actual debt not unlike that of a replevin or bail bond, or recognizance with sureties upon appeal. They are incident to the legal proceedings, and follow the result of the suit. If the plaintiff become nonsuit the debt would not be discharged, but the bond would be. So, where judgment is rendered for the defendant upon the plea of a discharge in bankruptcy, the bond is discharged, not by the proceedings in bankruptcy, but by the determination of the contingency upon which the obligation of the bond is made to depend.

We are satisfied that the ruling of the court below was correct. *Exceptions overruled.*