## BATCHELDER *v.* PUTNAM.

Where personal property is attached, receipted for, restored to the defendant, and sold by him to an innocent purchaser, and the defendant becomes a bankrupt before judgment, but more than four months after the attachment, the plaintiff is entitled to judgment *in rem*, and his execution may be levied upon the avails of the property when recovered from the receiptor.

In this action, brought by Caleb M. Batchelder against Jacob D. Putnam, the defendant's counsel withdrew his appearance, suggesting that the defendant was in bankruptcy. Mr. Stevens then moved for leave to appear for Tripp and Spaulding, assignees of the defendant. The plaintiff moved for judgment *in rem*. Property of the defendant was attached more than four months before the commencement of proceedings in bankruptcy. Tripp receipted for the property and allowed it to go into the possession of the defendant, who afterwards sold it. Upon this state of facts Tripp contended that the attachment was dissolved and the lien lost, and that judgment could not be rendered *in rem*. The presiding judge ruled that the plaintiff was entitled to judgment *in rem*, but reserved the question for the determination of the whole court.

*A. W. Sawyer* and *C. H. Burns*, for the plaintiff, cited, upon the point that the attachment, though dissolved as between the officer and the purchaser, remains good as to the receiptor, *Poole* v. *Symonds*, 1 N. H. 289 ; *Odiorne* v. *Colley*, 2 N. H. 66 ; *Sinclair* v. *Tarbox*, 2 N. H. 135 ; *Whitney* v. *Farwell*, 10 N. H. 9 ; *Young* v. *Walker*, 12 N. H. 502 ; *Carpenter* v. *Cummings*, 40 N. H. 158 ; *Cross* v. *Brown*, 41 N. H. 283 ; *Waitt* v. *Thompson*, 43 N. H. 161 ; *Treadwell* v. *Brown*, 43 N. H. 290 ; *Sanderson* v. *Edwards*, 16 Pick. 144 ; *Bridge* v. *Wyman*, 14 Mass. 190 ; *Denny* v. *Willard*, 11 Pick. 519 ; *Fettyplace* v. *Dutch*, 13 Pick. 388 ; *Whipple* v. *Thayer*, 16 Pick. 25 ; *Cooper* v. *Mowry*, 16 Mass. 5 ;—and, upon the point that the lien being preserved judgment ought to be rendered against the property attached, *Kittredge* v. *Warren*, 14 N. H. 509 ; *Zollar* v. *Janvrin*, 49 N. H. 114 ; *Peck* v. *Jenness*, 7 How. 612 ; *Bowman* v. *Harding*, 56 Me. 559 ; *Leighton* v. *Kelsey*, 57 Me. 85 ; *Perry* v. *Somerby*, 57 Me. 552 ; *Stoddard* v. *Locke*, 43 Vt. 574 ; *Bates* v. *Tappan*, 99 Mass. 376 ; *Morrison* v. *Blodgett*, 8 N. H. 238 ; *Bruce* v. *Pettengill*, 12 N. H. 341 ; *Webb* v. *Steele*, 13 N. H. 230 ; *Drown* v. *Smith*, 3 N. H. 299 ; *Smith* v. *Brown*, 14 N. H. 67 ; *Towle* v. *Robinson*, 15 N. H. 408 ; *Perley* v. *Brown*, 18 N. H. 404 ; *Lamprey* v. *Leavitt*, 20 N. H. 544 ; *Cooper* v. *Newman*, 45 N. H. 339 ; *Ives* v. *Sturgis*, 12 Met. 462 ; *Parker* v. *Muggridge*, 2 Story 334 ; *Fettyplace* v. *Dutch*, 13 Pick. 388 ; *Parks* v. *Sheldon*, 36 Conn. 466 ; *Daggett* v. *Cook*, 37 Conn. 341 ; Bump on Bankruptcy (6th ed.) 368.

*Stevens & Parker*, for the defendant's assignees, cited, upon the point that the attachment is dissolved, *Baker* v. *Warren*, 6 Gray 527; *Colwell* v. *Richards*, 9 Gray 374; *Dunklee* v. *Fales*, 5 N. H. 527; *Whitney* v. *Farwell*, 10 N. H. 9; *Bagley* v. *White*, 4 Pick. 395; *Pillsbury* v. *Small*, 19 Me. 439; *Gower* v. *Stevens*, 19 Me. 92; *Woodman* v. *Trafton*, 7 Me. 178; *Bicknell* v. *Hill*, 33 Me. 298; *Stanley* v. *Drinkwater*, 43 Me. 468; *Waterhouse* v. *Bird*, 37 Me. 326; *Weston* v. *Dorr*, 25 Me. 176; *Denny* v. *Willard*, 11 Pick. 519; *Robinson* v. *Mansfield*, 13 Pick. 139; *Kittredge* v. *Warren*, 14 N. H. 509; *Knap* v. *Sprague*, 9 Mass. 258; *Sanderson* v. *Edwards*, 16 Pick. 144; *Carrington* v. *Smith*, 8 Pick. 419; *Carpenter* v. *Cummings*, 40 N. H. 158; *Bryant* v. *Warren*, 51 N. H. 213; *Clark* v. *Morse*, 10 N. H. 236; Drake on Att., secs. 350, 360, 423;—and, upon the point that if the attachment is dissolved the lien is not preserved by the receipt, Bouv. Law. Dict., "Lien;" *Colby* v. *Cressy*, 5 N. H. 237; *Stoddard Woolen Manufactory* v. *Huntley*, 8 N. H. 441; *Walcott* v. *Keith*, 22 N. H. 196; *Dutton* v. *N. E. M. F. Ins. Co.*, 29 N. H. 153; *Pierce* v. *Emery*, 32 N. H. 520; *Bryant* v. *Warren*, 51 N. H. 213; *Carpenter* v. *Turrell*, 100 Mass. 450; Drake on Att., secs. 423, 433.

HIBBARD, J.   Personal property was attached upon the plaintiff's writ. The defendant procured a receiptor, and the property went again into his hands. The officer was not only justified in delivering it to a responsible receiptor, but he was bound to accept one if offered. The defendant having been adjudged a bankrupt, the plaintiff is not entitled to judgment *in personam*. But, the proceedings in bankruptcy having been commenced more than four months after the attachment, he is entitled to judgment *in rem* for the amount of his claim, unless here is an exception to the uniform practice in similar cases. The only reason assigned for making an exception against this plaintiff is, that the property attached, receipted for, and returned to the defendant, has been sold by him. It may be assumed that the purchaser took the property without any such notice of the attachment as to preclude him from holding it. The attachment is, therefore, dissolved, so far as the interests of the purchaser may be affected by it. The officer can no longer levy on the identical property attached; but if the defendant were not in bankruptcy, the security of the plaintiff would be good for its value in the hands of the receiptor, who would be estopped from setting up, as a defence to his liability upon the receipt, a dissolution of the attachment occasioned by his own neglect to keep the property according to his engagement. No difficulty would arise, though the attachment on the property were dissolved as between the officer and the purchaser, in levying on its value when collected of the receiptor. The doctrine that, because property attached has been sold by the debtor and the attachment dissolved, therefore the receiptor has ceased to be liable, is suggested only upon the ground that this result is effected by the bankruptcy of the defendant. But how can that circumstance affect the question?

In *Towle* v. *Robinson*, 15 N. H. 409, and in *Lamprey* v. *Leavitt*, 20 N. H. 544, it was expressly decided that the receiptor remains liable in such a case. It is claimed by counsel that these are not authorities in the present case, because the judgments in those cases do not appear to have been *in rem;* but they must have been, unless judgments were negligently allowed to be taken *in personam.* In the case last cited, it is stated in the head note that execution was " awarded against the property attached," from which it appears that the judgment was *in rem.*

If the property attached in the present case had been retained in the hands of the officer, the security of the plaintiff would be wholly unaffected by the bankruptcy proceedings. *Kittredge* v. *Warren*, 14 N. H. 509. And it certainly would be extraordinary if his security, being fully preserved until the bankruptcy proceedings by the delivery of the property to a receiptor according to law, should be suddenly lost the moment those proceedings are commenced, though more than four months after the attachment. We perceive no difficulty in rendering judgment *in rem*, and levying the execution issued upon the money which may be collected of the receiptor. If the receipt is in common form, and the officer lawfully demands the property, the receiptor must deliver it to him free from intervening rights, or become liable. If the property has been sold, it could not avail the receiptor to exhibit it to the officer, subject to a title in a third person acquired since the receipt was given. It must, when delivered, be subject to a levy in the same manner as when he received it, or the receiptor will not be exonerated. We do not see that this is anything but the ordinary case of an attachment lost by the property, after it is receipted for, being sold or used up by the debtor. It would appear that the precise contingency that the receipt was taken to secure against has happened. In other words, the property attached has gone where it is beyond the power of the officer to levy upon it. What could be the object of taking a receipt for property attached, unless it was to be good if the property should be sold or used up before judgment? Whether in the meantime the defendant has or has not become a bankrupt, unless the bankruptcy were in season to vacate the attachment, must be wholly immaterial.

In *Carpenter* v. *Turrell*, 100 Mass. 450, where an attachment was dissolved by the giving of a bond to pay the judgment which should be recovered, it was held, that the plaintiffs were not entitled to have a special judgment entered to enable them to avail themselves of the bond. But that decision was based on the peculiar terms of the bond, and it may be inferred from the opinion of the court that a contrary result would have been reached if the property attached had gone into the hands of a receiptor. Undoubtedly this would have been so, because it was expressly held, in an earlier decision of the same court, which has never been overruled or questioned, in an action in favor of a deputy sheriff against a receiptor of property attached, that when necessary a plaintiff in such a case may have a special judgment and

execution to enable him to avail himself of his attachment.   *Ives* v. *Sturgis*, 12 Met. 462.

We are of the opinion that in this state, where a creditor of a bankrupt has acquired a vested right in his security by the lapse of time after an attachment, he is entitled to a special judgment against the property, or the avails of it, or its substitute or equivalent, whether the identical property remains in the hands of the officer, or it has been sold by consent, under sec. 19, ch. 205, Gen. Stats.; or upon the certificate of examiners, under sec. 22; or restored to the debtor upon his giving bond, under sec. 25; or taken from the officer by a writ of replevin, under sec. 26; or given up upon a bond in review, under the 48th rule of court.   See *Zollar* v. *Janvrin*, 49 N. H. 114.

The plaintiff must, therefore, be permitted to take judgment *in rem* for such sum as he might lawfully recover against the defendant, if there were no bankruptcy proceedings.                    *Case discharged.*