GEORGE E. HOLYOKE AND ANOTHER, RESPONDENTS, *v.* SAMUEL ADAMS AND ALFRED RICHARDS, APPELLANTS.

*Discharge in bankruptcy — when not allowed to be set up in supplemental answer — attachment.*

In an action commenced against the defendants, who were non-residents, an attachment was issued, to procure the dissolution of which, an undertaking, with sureties, was given. Some two years after the commencement of the action, and while it was pending before a referee, the defendants commenced proceedings in bankruptcy, and, having procured their discharges, applied to the court for leave to file a supplemental answer, setting up the discharges, so procured, as a defense to the suit. The court, at Special Term, refused to allow them to do so. *Held*, that this was proper.

APPEAL from an order made at the Special Term, denying a motion made by the defendants for leave to file a supplemental answer, setting up their discharges in bankruptcy, obtained subsequent to the commencement of the action.

This action was commenced in 1869, and, the defendants being non-residents, an attachment was issued against their property, to procure the dissolution of which, an undertaking, with sureties, was given. The case, being at issue, was referred to Hon. W. H. Leonard, to hear and determine. During the pendency of the action, and in the month of October, 1872, the defendants were severally adjudged bankrupts by the District Court of the United States, for the District of Massachusetts. In January, 1873, a motion was made, in behalf of the defendants, at Special Term at chambers, founded upon said proceedings in bankruptcy, for a stay of all proceedings in this action, pending the application by defendants for their

discharge, which motion was denied so far as to allow plaintiffs to proceed to judgment in the action. From this order, the defendants appealed to the General Term of this court, where the order was affirmed, the following opinion being delivered by BRADY, J. :

BRADY, J. :

In this case, the proceedings in' bankruptcy were not commenced within four months after attachment was granted, and the attachment, if it had been continued, would not, therefore, have been dissolved by operation of the bankrupt law. The fourteenth section declares only that attachments, made within four months next preceding the commencement of such proceedings, shall be dissolved. The result of the attachment is a vested right, which is to have the property seized, applied to the extinguishment of the debt; subject, however, to the right of the debtor to substitute an undertaking prescribed by law. The plaintiff, by attaching property, acquires a specific lien upon the debtor's interest, and is entitled, like a judgment creditor, to impeach the colorable title of a fraudulent mortgage.[*]

The execution and delivery of such an undertaking to release the property, should be held, in legal contemplation, to be a part, and in continuation of the attachment proceedings. The propriety of this is apparent from the obligation assumed by the sureties, which is, to pay any judgment that may be recovered in the action, the sureties thus agreeing to do exactly what the property seized would do when applied, namely, pay the judgment obtained; and also from the presumption that the property levied upon, would have remained in *statu quo* until the judgment was recovered, if the undertaking had not been given. The application of this principle, in this case, would protect the plaintiff from the intervention of a power, by which he might otherwise be deprived of a substantial right, acquired by superior diligence, under the laws of the State.

The character of the undertaking, its subject, office and purpose, however, leave no doubt that it is a substitute for the levy under the attachment, which is in effect continued, although the process is discharged. There is another view of this question which may be stated thus : The undertaking having been given, the sureties

[*] Rinchey v. Stryker, 26 How., 75.

assumed the payment of the debt alleged when established by process of law, and they became the debtors of the plaintiff, on condition that the demand was proven and judgment for it obtained. This obligation rests upon, and the consideration is, the delivery of the property seized, a delivery predicated entirely of their promise to pay the claim, for the discharge of which the property released, was seized. Their liability, therefore, depends upon whether the debtor, at the time of the giving of the undertaking, was lawfully indebted to the plaintiffs, and, to ascertain that, the judgment must be recovered; for such, as already suggested, is the condition of the obligation assumed by them. If this view be correct, it is immaterial whether the debtor has been discharged from his indebtedness or not, by subsequent proceedings. Such a result would not affect the liability of the sureties whose undertaking related to an existing liability, which, as soon as determined, made their promise absolute. For these reasons, in addition to those already given, the order of the Special Term should be affirmed.

This appeal is thus disposed of, without considering whether the fourteenth section of the bankrupt act is constitutional; whether, when the jurisdiction of a State court has been invoked and rights have been secured under it, they can be taken away by proceedings in another court, under the provisions of the Constitution of the United States. It might not be difficult to solve this problem, although it has been held, in proceedings in bankruptcy, that congress has the power, by operation of a general bankrupt law, to divest the conditional lien, acquired by levy of an attachment.[*] We have examined, but do not feel bound to follow, the cases cited on the argument which were decided in the courts of Massachusetts.

---

In the month of September, 1873, the defendant, Adams, and in January, 1874, the defendant, Richards, were severally discharged, in said bankruptcy proceedings, from all their debts and claims, provable against their estates in October, 1872.

On the 9th of January, 1874, a motion was made in behalf of the defendants, for leave to file a supplemental answer, setting up

[*] Bump on Bankruptcy (5th ed.), 329, and cases cited.

their discharge in bankruptcy, and, the motion having been denied, this appeal was taken.

*E. Cooke,* for the appellants.

*Edward D. McCarthy,* for the respondents.

DAVIS, P. J.:

The motion in the court below, was for leave to file a supplemental answer, setting up the defendant's discharge in bankruptcy.

The suit was commenced in 1869. The property of the defendants in this State, was attached in due form at that time, they being non-residents. An undertaking was given, with sureties, on the dissolution of the attachment. Some two years afterward, while the action was pending upon a reference, the defendants commenced proceedings in bankruptcy, which have resulted in the discharges now sought to be pleaded. When this case was before this court, on appeal from an order refusing a perpetual stay of proceedings in the action, this court held, as appears by the MS. opinion of BRADY, J., that by the attachment, the plaintiffs acquired a lien upon the property attached, for the payment of the recovery that might be had in the action. That the proceedings in bankruptcy, not having been commenced within four months after the levying of the attachment, did not operate to dissolve the attachment. That the plaintiffs, therefore, had "a vested right," by force of the attachment, "to have the property seized, applied to the extinguishment of the debt; subject, however, to the right of the debtor to substitute an undertaking prescribed by law." And that the execution and delivery of such an undertaking to release the property, should be held, in legal contemplation, to be a part of, and in continuation of, the attachment proceedings; and that the same is a substitute for the levy made under the attachment, which is in effect continued, although the process is discharged.

We think these rulings necessarily dispose of all the questions involved in this motion; and if we had doubts of their correctness, we should still feel bound to follow them as a direct adjudication of the court upon the question presented. We are, however,

satisfied of their soundness, notwithstanding the contrary ruling in *Carpenter* v. *Turrell*,* which was not overlooked by the court on its former decision.

Without entering into any general discussion of the questions, we think the order appealed from should be affirmed, with costs.

DANIELS, J., concurred.

Order affirmed, with costs.