John H. Fisse, Assignee of People's Savings Institution, Appellant, v. William Einstein et al., Respondents.

### January 8, 1878.

1. A discharge in bankruptcy of a judgment-debtor will not release his sureties on a bond for appeal from a justice of the peace, executed before the institution of the proceedings in bankruptcy.

2. A composition with creditors under the Bankrupt Act of 1874 has the same effect as a discharge under the act of 1867. In neither case does the act operate upon the debt, and the remedy against the sureties remains.

3. A judgment-debtor is liable on the judgment as soon as it is rendered, and when his surety signs the appeal-bond he becomes "liable with him for the same debt," within the meaning of the Bankrupt Act.

4. The meaning of the rule as to strict construction of a contract of suretyship is that the surety's obligation cannot be extended to other subjects, persons, or periods of time than those expressed or necessarily included in his contract; otherwise, the contract is subject to the ordinary rules of construction.

5. The words are to be taken most strongly against the surety, and then the intent and latitude of a contract of suretyship must be ascertained by a fair and liberal construction of the instrument, in furtherance of what appears to have been the intention of the parties when the contract was made, as

appears from the expressions therein contained and from the nature of the transaction, and the surety will be bound to the full extent of what thus appears to be his contract.

6. Where, on appeal from a justice of the peace, the defendant confesses his indebtedness in the Circuit Court, and pleads in bar his discharge in bankruptcy, judgment should be rendered in his favor and against his sureties on the appeal-bond.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

DEXTER TIFFANY, for appellant: The discharge in bankruptcy of the principal will not release the surety on an appeal-bond executed before institution of the bankruptcy proceedings. — *Wilson* v. *City Bank*, 17 Wall. 473; *Merritt* v. *Glidden*, 39 Cal. 559; *Bond* v. *Gurdain*, 4 Binn. 269; *Holyoke* v. *Adams*, 2 N. Y. 1. A composition under the Bankrupt Act only exonerates the bankrupt, and does not discharge his co-obligors or sureties. — *Mason & Hamlin Organ Co.* v. *Bancroft*, 4 Cent. L. J. 295, and note; *Gould* v. *Butler*, 5 Cent. L. J. 423.

A. BINSWANGER, for respondents: A composition in bankruptcy discharges the bankrupt and his sureties on an appeal-bond. — *In re Trafton*, 14 Nat. Bank. Reg. 508; *In re Becket*, 12 Nat. Bank. Reg. 201; *Miller* v. *McKenzie*, 13 Nat. Bank. Reg. 496 (approved in 14 Nat. Bank. Reg. 481); *Wells* v. *Lamprey*, 5 Cent. L. J. 259; *In re Tooker*, 14 Nat. Bank. Reg. 35. A surety on an appeal-bond is not liable where his principal has been discharged in bankruptcy pending the appeal, which discharge is pleaded in bar to the action. — *Carpenter* v. *Turrell*, 100 Mass. 450; *Haggerty* v. *Morrison*, 59 Mo. 324; *Martin* v. *Kilbourne*, 1 Cent. L. J. 94; *Payne* v. *Able*, 7 Bush, 348; *Odell* v. *Wooten*, 38 Ga. 225; *Jones* v. *Knox*, 46 Ala. 53; *Stratton* v. *Dumont*, 2 Tenn. Ch. 633.

BAKEWELL, J., delivered the opinion of the court.

In October, 1875, appellant commenced suit before a justice of the peace, on promissory notes made by Einstein.

& Co., and indorsed by Stern & Brother, and obtained judgment; from which Stern & Brother appealed, Joel Swope becoming the surety on the appeal-bond. Pending this appeal, a petition in bankruptcy was filed against Stern & Brother, who effected a composition with their creditors under the Bankrupt Act of 1867, and the amendatory acts approved June 22, 1874. Plaintiff was enumerated in the schedule of creditors, as the law requires. The sum to be paid, by the terms of the composition, was twenty-five per cent. These proceedings were duly confirmed by the District Court, and ordered to be recorded. Afterwards, Stern & Brother paid into the clerk's office of the St. Louis Circuit Court, where the appeal from the justice was pending, twenty-five per cent of the claim, and costs, pleaded this payment and their discharge under the Bankrupt Act, and moved to dismiss the suit. The motion was sustained, the suit dismissed, and plaintiff appeals to this court.

The question before us is, whether a discharge in bankruptcy of the judgment-debtor will release the surety on an appeal-bond executed before the proceedings in bankruptcy were commenced. This question has been passed upon in other States, but the decisions are not accordant. In Missouri, the question is entirely new. In *Haggerty* v. *Morrison*, 59 Mo. 324, it was determined that where, on appeal from a judgment, appellant files in the Supreme Court his certificate of discharge in bankruptcy, and likewise his plea showing that the judgment was allowed against his estate in the bankrupt-court, and the plea stands admitted, the Supreme Court will order his discharge. But the case is not in point. It was not an appeal from a justice; it does not appear that any bond had been given or *supersedeas* asked, and the liability of sureties is not considered in the case. The court refers, indeed, to *Carpenter* v. *Turrell*, 100 Mass. 450, but we do not on that account feel bound to follow the reasoning or adopt the conclusions of the Massachusetts case in a matter not shown to be before the court

citing it. The question is a *res integra* in Missouri, and we have given to it the careful consideration which its importance seems to demand.

The Bankrupt Act (sec. 5118) provides that "no discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise."

The condition of the appeal-bond in this case is, that if, on appeal, the judgment of the justice be affirmed; or if, on trial anew in the appellate court, judgment be given against the appellant, and he shall satisfy the same; or if his appeal shall be dismissed, and he shall pay the judgment of the justice, together with costs of the appeal, the recognizance shall be void. Wag. Stat. 847, sec. 3.

1. In Georgia and Tennessee ( *Odell* v. *Wooten*, 38 Ga. 225; *Martin* v. *Kilbourne*, 1 Cent. L. J. 94), it is held that the clause of the Bankrupt Act only applies to a surety who contracted to become liable for the payment of the debt, and not for the payment of the judgment which might be entered in a particular action; that it clearly contemplates a case where the surety contracts to become liable with the principal for the payment of the debt; and that, when a discharge is pleaded in the appellate court, so that no judgment can be rendered against the defendant, a surety on an appeal-bond conditioned to pay such judgment as might be entered in the appellate court is released, because no judgment in the appellate court is, or can be, rendered against the principal after his discharge. And in Massachusetts, Kentucky, and Texas ( *Carpenter* v. *Turrell*, 100 Mass. 450; *Payne* v. *Able*, 7 Bush, 344; *Williams* v. *Atkinson*, 36 Texas, 16), it is held that the clause applies only to persons who are liable for the debt of the bankrupt which existed before, and is discharged by the proceedings in bankruptcy; and that a bond given to dissolve an attachment is not such a debt, and does not become a debt until the contingency of a judgment which the principal is bound to pay; and that

the bond is discharged by a judgment for the defendant on a plea of discharge in bankruptcy, as that determines the contingency upon which the obligation of the bond is made to depend. Bump (10th ed.), 747. In New York, it has been decided that the sureties in a delivery-bond in attachment assume the payment of the debt alleged, where established, in consideration of the delivery of the attached property ; that they thus become the debtors of plaintiff, on this condition ; and that their liability depends upon whether the debtor, at the time of the giving of the undertaking, was lawfully indebted to the plaintiff; and that the subsequent discharge of the debtor in bankruptcy will not affect the liability of these sureties, nor hinder the recovery or judgment, where the bankruptcy proceedings were not commenced within four months of the levy. The Massachusetts doctrine on the subject is noted in *Holyoke* v. *Adams*, 8 N. Y. Sup. Ct. 223, and disapproved. In a more recent New York case, — *Knapp* v. *Anderson*, 14 N. Y. Sup. Ct. 297 (1876), — it is expressly decided that the sureties in an undertaking upon an appeal are not released from their liability to the respondents by the discharge of the appellant from his debts under the Bankrupt Act. The court holds that the surety on the appeal-bond is " liable for the same debt with the bankrupt," within the meaning of the Bankrupt Act, before the affirmance of the judgment.

2. The case before us is one of a composition with creditors. But a composition with creditors, under the act of 1874, has the same effect' as a discharge under the act of 1867. In both cases, the act operates upon the remedy ; and in neither case does it so operate upon the debt as to extinguish it for all purposes. Whilst the debtor is exonerated, the remedy against sureties remains in full force. *Mason & Hamlin Organ Co.* v. *Bancroft*, 4 Cent. L. J. 295. The case before us, then, is as if defendants had been discharged under sec. 17 of the act of 1867.

The existing Bankrupt Act, that of 1841, that of 1800,

and the Bankrupt Act passed in the reign of Queen Anne, — which was the model of all the others, — all contain provisions guarding against such a construction of the act as will discharge sureties. This seems to be by abundant caution. The contract of a surety is always that he shall not be discharged by the insolvency of the principal. In fact, ordinarily, the surety cannot be reached at all until his principal is insolvent, and shown to be so, and until all remedies against him are exhausted. The extinction of the obligation, to be sure, extinguishes the liability of the surety when the debt is extinguished by the voluntary act of the creditor ; but the surety is never released by causes — such as bankruptcy, or a forced composition under a bankrupt act — which originate in the law, against the creditor's will. *Phillips* v. *Solomon*, 42 Ga. 197 ; Theob. on Prin. & Sur., sec. 114.

We suppose that in neither one case nor the other could the exoneration of the bankrupt release his sureties, even had the act not contained the saving clause, because the discharge of the debtor is by operation of law, and not by the consent of the creditor. The creditors generally are bound by the terms of the composition, if notified, whether they voted for it or not, and whether they are willing to accept the *pro rata* payment or not. It is not a question of accord and satisfaction, but a part of the scheme of bankruptcy proceedings, which can be carried out only in the manner prescribed by the law, and is of no effect if set aside by the court. But, be that as it may, the statutory provision is plain enough, that whilst the principal debtor is discharged by going through bankruptcy, the surety is not.

3. The original defendant was liable on this judgment when it was rendered ; that is, he was answerable for it, bound by it, subject to it, exposed to be compelled to pay it. The surety also became liable, and " liable with him for the same debt," within the terms of the act, as soon as he signed the bond. They were both liable before affirmance

in the appellate court, and their liability could be discharged only by a dismissal of the appeal or a reversal of the judgment. The obligation of the surety, as is generally the case, depended upon a contingency; when the event happened, his obligation became absolute. The liability of the surety existed before the judgment was affirmed, and before the bankruptcy proceedings were commenced.

4. Besides, if plaintiff is, by any provision of the Bankrupt Act, barred from proceeding to judgment in this case, and this bar is to be a release of the surety, he is thus deprived of a substantial right given him by the laws of this State, and acquired by his superior diligence. When he obtained his judgment against the original defendant, plaintiff was entitled, at once, to execution. This execution, when issued, would have given him a lien upon all the personal property of the debtor in this county (Wag. Stat. 841, sec. 5), which would not have been divested by the Bankrupt Act. This execution could not issue when appeal was taken. The surety, in order that this execution might not issue and this lien not be established, assumed the payment of the judgment when affirmed on appeal, or again obtained on trial anew. The act of Congress discharged the bankrupt from the debt; but, by express words, the discharge does not apply to the surety. To give that effect to the discharge of the bankrupt is clearly contrary to the meaning of the Bankrupt Act; and it is also against the plain intention of the contracting parties. For, what was the object of taking security on an appeal? It was, of course, to guard against the risk of insolvency of the judgment-debtor. But, if this very insolvency is to work the discharge of the surety, it is not only an injustice, but a great absurdity as well.

5. The judgment before the justice in the case before us was a final judgment; and it has been decided that nothing in the Bankrupt Act suspends the right of the plaintiff to maintain in the appellate court the correctness and validity

of a judgment from which the bankrupt might choose to take an appeal, until the determination of the question of the discharge of the bankrupt. "To give the statute that construction, would place it in the power of the bankrupt to defeat remedies to which the plaintiff was entitled." *Merritt* v. *Glidden*, 39 Cal. 564.

6. Was it in the power of the Circuit Court to render judgment against the bankrupt, though his discharge was pleaded in bar, supposing this judgment to be rendered for the mere purpose of holding the surety? And, if this could not be done, could the Circuit Court lawfully render judgment against the surety alone? In New York, it seems to be held, in the cases cited above, that judgment should go against all the defendants; whilst in the other States in which the case has been considered, it is apparently taken for granted that no judgment can be rendered against the discharged bankrupt, and the surety is held to be released by the very terms of his bond.

Under the Bankrupt Act of 1800, a case arose in Pennsylvania where A. sued B., and then agreed to discontinue the suit and to bring an amicable action against B. to the same term, C. covenanting with A. to pay to A., on demand, any amount recovered on the amicable action against B. B. subsequently was declared a bankrupt, and obtained his certificate. A. then applied to the State court for leave to discontinue his suit and enter his amicable action, according to agreement. B. appeared, objected, and pleaded his certificate; the court struck out the plea, upon A.'s agreeing not to take out execution against B. on any judgment he might recover, and refused to admit the certificate in evidence, and rendered judgment against B. The Supreme Court held that C. was liable notwithstanding the certificate and opposition of B. It further held that the proceedings in the suit between A. and B. must be presumed to be correct for the purposes of the suit between A. and C.; but said that, if these proceedings were examinable, they were right; that

the plea of bankruptcy was properly stricken out, there being an agreement of plaintiff on record that no execution against the person or property of the bankrupt should issue ; and it being expressly declared that the proceedings were carried on merely to ascertain the amount for which C. was liable, and B. being wholly protected, and being unaffected by the result ; that C. would be released if no recovery could be had against B., and that this would be against the very meaning, object, and intention of the Bankrupt Act. *Bond* v. *Gardiner*, 4 Binn. 269.

In the case before us, however, though the facts upon which, according to their agreement, judgment was to be entered against the sureties sufficiently appear, the bankrupt confessing his indebtedness in open court and pleading his discharge in bankruptcy in bar, the entry of judgment against him is purely a matter of form, upon which, we think, the substantial facts appearing, the liability of the sureties should not be 'made to depend.

7. So far as rendering judgment against one of several defendants is concerned, there is no technical difficulty in the way, since the Code expressly provides that this may be done. Wag. Stat., 105, sec. 2. But as to this matter there would have been no difficulty at common law. In actions upon contract, the plea of one defendant for the most part enures to the benefit of all, for, the contract being entire, the plaintiff must succeed against all or none ; and, therefore, if the plaintiff fail at the trial upon the plea of one of the defendants, he cannot have judgment against the others. That was the reason of the rule ; and it has no application to the present case. The case where one or more defendants admitting the contract established a discharge, as by bankruptcy, or where he pleaded and showed an incapacity to contract, were always exempted from its operation. Freem. on Judg., sec. 43.

8. The liability of a surety is said to be *strictissimi juris;* that is, the obligation of surety must not be extended to

any other subject, to any other person, or to any other period of time than is expressed or necessarily included in it. This is what is meant by strict construction of a contract of suretyship ; *non extendatur de re ad rem, de persona ad personam, de tempore ad tempus.* The contract, however, is subject to the common-sense rules of interpretation which govern any commercial instrument. No surety is to be bound beyond the extent of the engagement which shall appear, from the expression of the security and the nature of the transaction, to have been in his contemplation at the time of entering into it. But to this extent the surety is bound. The intent or latitude of the contract of suretyship is to be ascertained by a fair and liberal construction of the instrument, in furtherance of the intention of the parties, and then the case must be brought strictly within the terms of the guaranty, and the liability of the surety cannot be extended by implication. But one giving a guaranty shall be bound to the full extent of what appears to have been his engagement ; and for this purpose, it is said, the words of the guaranty are to be taken as strongly against him as the words will admit. *In stipulationibus, verba contra stipulatorem interpretanda sunt.* In short, the strict construction of the obligation of a surety applies to its nonextension to subjects, persons, or periods of time not necessarily or expressly included in it ; otherwise, it is subject to the ordinary rules of construction. Thus, a bond with sureties, by guardians of infants, conditioned that *both* the guardians shall faithfully execute the trust, one of them dying, it was held that the surety was liable for the acts of the survivor. *The People* v. *Byron*, 3 Johns. Cas. 53 ; *Douglass* v. *Reynolds*, 7 Pet. 122 ; 12 Wheat. 515 ; 12 East, 227 ; *Noyes* v. *Nichols*, 28 Vt. 173 ; *Fisher* v. *Cutter*, 20 Mo. 209 ; 3 Kent's Comm. 124 ; Fell's Guar. & Surety, 191 ; Burge, 40. And so, where judgment before a justice was against two defendants, and the judgment in the appellate court only against one of them, the surety on the appeal-bond, condi-

tioned as is the one before us in this suit, was held liable, though this was against the strict letter of the bond, and it was said that to hold otherwise would be a very narrow construction, tending to defeat the administration of justice. *Hood* v. *Mathis*, 21 Mo. 312.

To hold that the surety in this appeal is to be released because there can be no formal entry of judgment against his principal in the appellate court, though there is a solemn admission in that court of the perfect correctness and justice of the judgment from which this appeal is taken, is to denaturalize the transaction, and to give an interpretation to the appeal-bond quite foreign to its scope and meaning. It is to say that the surety, whilst engaging to pay the judgment appealed from if the judgment-debtor becomes insolvent, is to be released merely because the judgment-debtor becomes insolvent. The correctness of the judgment below is admitted in the appellate court, and the formal affirmance of the judgment is a matter the omission of which can in no way change the position of the surety or prejudice his rights. If the technical reasoning in the cases cited above from Massachusetts, Tennessee, Kentucky, Georgia, and Texas were to control, then we should say, not that the surety was released by the non-entry of judgment against the principal, but that these provisions of the Bankrupt Act must be disregarded, and judgment be entered against the bankrupt on such terms as would save to him the benefit of his discharge. And to hold thus would be to carry out the provisions of the Bankrupt Act according to the true spirit, scope, and meaning of the law.

9. It is said, indeed, that the appeal-bond is not a debt, and does not become of the nature of a debt until the contingency arises of a judgment against the principal; that the obligation of the principal himself is merely collateral to the suit, and that the undertaking of all the obligors is incident to the legal proceedings, and follows the result of the suit; that if the plaintiff becomes nonsuit, the bond is

discharged, though the debt would not be; and that when judgment is rendered in favor of defendant, as it must be, upon a plea of discharge in bankruptcy, the bond is discharged, not by the proceedings in bankruptcy, but by the determination of the contingency upon which the obligation of the bond is made to depend. *Carpenter* v. *Turrell, ante.* We do not perceive what is gained by insisting that the appeal-bond was not, at the time of bankruptcy, a debt. Let this be granted, and it does not follow that the person signing the bond as surety does not thereby "become liable for the same debt with the bankrupt," within the language of the Bankrupt Act. The final and unreversed judgment, whose payment the bond was given to secure, was unquestionably a debt, — a debt for which the bankrupt was liable; and the surety, by becoming security for its payment in a certain contingency, became liable for that debt, the same debt for which the bankrupt was liable. As we have said, no legislative provision is necessary to prevent the release of the surety. It is enough that there is no provision even purporting to release any sureties of the bankrupt, under any circumstances. They are not released at common law by the discharge of the principal, without any act or default of the creditor; and it is doubtful whether Congress could release them by a bankrupt act, had it attempted to do so, which is not the case. Had plaintiff become nonsuit, the surety would have been discharged, of course, since it was not the original indebtedness on the note sued on, but the payment of the judgment, if unreversed or unsatisfied, that was secured. The judgment rendered in favor of defendant in the appellate court is not a determination of the contingency upon which the obligation of the bond is to depend; because that judgment is rendered on a plea in bar which sets up matters occurring since the appeal was taken, which do not affect the merits of the controversy, which are not payment of the judgment, which cannot be pleaded without, and are pleaded

with, an admission of the correctness of the judgment from which the appeal is taken, and which matters are declared by law, which makes them good in bar to judgment against the judgment-debtor, to be a discharge so far, and only so far, as he himself is concerned, and no discharge of the judgment as to the sureties for its payment. On the other hand, the insolvency of the principal is the very contingency against which the appeal-bond was intended to provide. The law protects the diligent. It is no longer held that the Bankrupt Act disregards that maxim, or was meant to prevent a race of diligence. *Wilson* v. *City Bank*, 17 Wall. 473. And when the Bankrupt Act steps in to prohibit the merely formal entry of a judgment on appeal, its intention is merely to protect the bankrupt judgment-debtor from the annoyance of execution, and the cloud which might be created by an apparent lien upon real estate for a debt from which the Bankrupt Act had discharged the defendant ; but it was not the meaning of the act to deprive the judgment-creditor of any collateral remedies which he had acquired by virtue of the original judgment ; or to release sureties, who, by their undertaking, have caused the discharge from lien, or seizure, of property of the debtor which would otherwise have been sold for payment of the debt.

In the case before us, the money tendered in court by the bankrupt should have been accepted, and, on this being done, judgment should have been rendered in favor of the bankrupt defendant ; and judgment in favor of plaintiff and against the defendant surety for the sum then remaining due on the original judgment, etc.

The judgment of the Circuit Court is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.