Butterick Publishing Co. *vs.* E. F. Bowen Co.

JULY 7, 1911.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Bankruptcy. Discharge. Attachment Bonds. Judgment.*

The discharge of a defendant in bankruptcy, duly pleaded by him, does not bar the prosecution of a claim to judgment when the suit was commenced more

than four months prior to the commencement of proceedings in bankruptcy by the attachment of personal property of defendant, which attachment was discharged by the giving of a bond with sureties, with a condition that the same should be null and void if the final judgment in the action should be forthwith paid and satisfied after the rendition thereof.

(2) *Bankruptcy. Attachment Bonds. Special Judgment.*

In a suit wherein defendant has duly pleaded a discharge in bankruptcy, but which suit was commenced more than four months prior to the commencement of the proceedings in bankruptcy by the attachment of personal property of defendant, which attachment was discharged on the giving of bond with sureties, with condition that the same should be null and void if the final judgment should be forthwith paid after the rendition thereof, the court can render a special judgment against the defendant with a perpetual stay of execution against him for the purpose of enabling the plaintiff to bring suit against the sureties on the bond.

ASSUMPSIT on book account. Heard on questions certified to Supreme Court.

SWEETLAND, J. This is a case heard upon questions certified from the Superior Court. The action is one of assumpsit upon book account. The defendant's personal property was attached on the original writ. This attachment was dissolved upon the giving of bond with sureties in the manner and in the form prescribed by the statute. The defendant filed a plea of the general issue. Before the case was reached for trial, and more than four months after its commencement, and the making of said attachment, the defendant filed a voluntary petition in bankruptcy and obtained a stay of this suit pending the action of the Federal court upon said petition. The defendant was adjudged a bankrupt and by a plea *puis darrien continuance* set up that fact in bar of this action. Later the defendant received a discharge in bankruptcy and by a second plea *puis darrien continuance* set up said discharge. To these pleas, alleging bankruptcy and discharge, the plaintiff replied that it had attached personal property of the defendant more than four months prior to the bankruptcy proceedings, and that said attachment had been released upon the giving of a sufficient bond conditioned upon the payment of final

judgment in the action. The defendant demurred to said replications. After hearing upon said demurrers before the presiding justice of the Superior Court, said justice certified certain questions of law to this court to be heard and determined. Said questions are as follows:

(1)    "First: Does the defendant's discharge in bankruptcy, duly pleaded by him, bar a plaintiff from prosecuting his claim to judgment, when the plaintiff's suit was commenced more than four months prior to the commencement of proceedings in bankruptcy by the attachment of personal property of the defendant, which attachment was discharged upon the giving of a bond with sureties, with a condition therein that the same should be null and void if the final judgment or decree in the action in which the writ was served should be forthwith paid and satisfied after the rendition thereof?

(2)    "Second: In a suit wherein the defendant has duly pleaded a discharge in bankruptcy, but which suit was commenced more than four months prior to the commencement of the proceedings in bankruptcy by the attachment of personal property of the defendant, which attachment was discharged on the giving of bond with sureties, with a condition therein that the same should be null and void if the final judgment or decree in the action in which the writ was served should be forthwith paid and satisfied after the rendition thereof, can the Superior Court render a special judgment against the defendant in said suit with a perpetual stay of execution against him for the purpose of enabling the plaintiff to bring suit against said sureties on said bond?"

The defendant contends that the first question should be answered in the affirmative and the second in the negative; that the effect of a discharge in bankruptcy is to destroy the remedy against the bankrupt, in case he desires to plead such discharge in an action upon the debt. The Bankruptcy Act, 1898, § 16 (a) provides: "The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for a bankrupt, shall not be altered by the

discharge of such bankrupt." The argument of the defendant is that the provision of this section applies only to those secondarily liable on the debt itself and not to those who become surety for the bankrupt in court proceedings instituted against the bankrupt; and that the discharge prevents the happening of the contingency upon which alone the liability of the surety would arise. It relies in support of this contention largely upon the authority and the reasoning of *Carpenter* v. *Turrell*, 100 Mass. 450, which holds that a discharge in bankruptcy is a bar to the further prosecution of a suit against the bankrupt commenced by attachment more than four months before the commencement of the bankruptcy proceedings, if·the attachment was dissolved by giving bond under the statutes of Massachusetts, notwithstanding the provisions of the United States' bankrupt act which preserved the lien of an attachment made four months or more before the commencement of bankruptcy proceedings, and continued the liability of sureties after the discharge in bankruptcy of their principal. Since the decision in *Carpenter* v. *Turrell*, *supra*, the Massachusetts' legislature has enacted a statute permitting the entry of a special judgment against the bankrupt. The enactment of this statute however does not affect the weight that should be given to *Carpenter* v. *Turrell*, as an authority in this state, as we have no statute similar to that of Massachusetts. We are of the opinion, however, that the better position is one which preserves to the bankrupt the full benefit of his discharge and at the same time does not deprive the creditor of the advantage which the bankruptcy law permits him to have by reason of his attachment made more than four months before the commencement of bankruptcy proceedings. This position, more in accord with reason and justice, as it seems to us, is supported by the weight of authority.

In *Hill* v. *Harding*, 130 U. S. 699, the court says: "The question not then passed upon, and now presented, is whether since he (the defendant) has obtained his discharge in bankruptcy, there is anything in the provisions of the Bankrupt

Act to prevent the state court from rendering judgment on the verdict against him with a perpetual stay of execution, so as to prevent the plaintiffs from enforcing the judgment against him, and leave them at liberty to proceed against the sureties in the bond or recognizance given to dissolve an attachment made more than four months before the commencement of the proceedings in bankruptcy. Such attachments being recognized as valid by the Bankrupt Act, (Rev. Stat. § 5044) a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment." . . . "The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit of that provision of the Bankrupt Act which declares that 'no discharge shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise.' " The clause in the present bankrupt act of 1898, quoted *supra*, in this opinion, is broader in its terms with reference to the liability of sureties upon the discharge of a bankrupt than the one referred to in the opinion in *Hill* v. *Harding*. See also *Wolf* v. *Stix*, 99 U. S. 1.

In *U. S. Wind Engine & Pump Co.* v. *North Penn. Iron Co.*, 227 Pa. St. 262, in considering the question, "Is there anything in the law or practice of Pennsylvania to prevent or discountenance a special judgment against one discharged in bankruptcy?", the court said: "The appellee has secured its discharge and its personal liability is gone, but that does not constitute any reason why a judgment against it should not be entered for the special purpose of fixing and enforcing the liability of the surety. The surety took the risk of appellee's insolvency, a risk that the appellant was supposedly protected against by the very bond in question. So it would be most unfair to allow the

substitution of the bond for the goods attached, and then to deny the formal relief necessary in order to enforce its terms against the surety. There is nothing in our laws or practice or in the announced public policy of the state to require such a ruling." See also, *In re Marshall Paper Co.* 43 C. C. A. 38; *Holyoke* v. *Adams,* 59 N. Y. 233; *Brown* v. *Antezak,* 128 N. W. 774; *Kendrick & Roberts* v. *Warren Bros.* 110 Md. 47, 72.

The first question certified for our determination is answered in the negative; the second question is answered in the affirmative.

The papers in the case with our decision certified thereon are remitted to the Superior Court for further proceedings.

*Bassett & Raymond, James B. Sheehan,* for plaintiff.
*Russell W. Richmond,* of counsel.
*Barney & Lee,* for defendant.